[No. 10,440.]
## PEOPLE *v.* CUDDIHI.

INDICTMENT.—The name given in an indictment to the offense charged is not of itself the charge of an offense; and a mistake in regard to it is a mere irregularity, and not fatal. Accordingly, where an indictment recited that the defendant was accused of the crime of "*assault* with intent to commit murder," and then proceeded to state facts showing that the defendant had *administered poison with intent to kill*, etc.: *Held*, that the indictment did not charge two offenses, and was good.

APPEAL from a judgment upon a demurrer to the indictment, in the County Court of Del Norte County.

The facts are stated in the opinion.

*J. Hamilton, Attorney-General*, for Appellant.

*James E. Murphy*, for Respondent.

By the COURT:

The demurrer to the indictment was sustained. The defendant has not filed any points in support of the demurrer, but the only ground that seems to require notice, is that more than one offense is charged in the indictment. The indictment recites that the defendant is accused by the grand jury of the crime of " an assault with intent to commit murder, committed

as follows." Following this is a statement of facts, showing that the defendant administered to John Nelson " a large quantity of a certain deadly poison, called red oxide of mercury," with the intent, etc., to murder said Nelson. The facts there stated appear to be sufficient to bring the case within the provisions of § 216 of the Penal Code ; and they ·do not charge two offenses. The fact that the offense thus charged has not been given by the indictment its legal appellation, is not fatal to the indictment, as it is a mere irregularity in matter of form. The name given in the indictment to the offense charged, or sought to be charged, by the statement of facts constituting the offense, is not of itself the charge of an offense. (*People* v. *Phipps*, 39 Cal. 326.)

Judgment reversed and cause remanded, with directions to overrule the demurrer to the indictment. Remittitur forthwith.