[Crim. No. 1565. In Bank.—September 30, 1909.]

In the Matter of AH SING for a Writ of Habeas Corpus.

HABEAS CORPUS—CRIMINAL LAW—COMPLAINT IN INFERIOR COURT.—The question whether a complaint in a court of limited or inferior jurisdiction states facts sufficient to constitute a public offense may be determined on *habeas corpus.*

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of San Diego County.

The facts are stated in the opinion of the court.

A. J. Morganstein, for Petitioner.

THE COURT.—The petition for a writ of *habeas corpus* is denied for the reason that so far as we can see the complaint in the justice's court, under which petitioner is in custody, clearly states a public offense under the laws of this state. In view of the statement in the petition for the writ to the effect that a difference of opinion exists among the courts of this state as to the right of a court on *habeas corpus* to determine the question whether a complaint in a court of limited or inferior jurisdiction states facts sufficient to constitute a public offense, it appears proper to say that the rule in this state in that regard is correctly stated in *Ex parte Greenall,* 153 Cal. 767, 770, [96 Pac. 804], in which case it is plainly pointed out that the rule is different from the one applied to courts of general jurisdiction, as in *Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605]. An examination of the opinion in the case of Tobias Watkins, 3 Pet. (U. S.) 193, cited in the Greenall case, will disclose grounds for this distinction.