[Crim. No. 497. Third Appellate District.—January 19, 1920.]

In the Matter of the Application of N. CAPANNA for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—CONVICTION ON INSUFFICIENT COMPLAINT—RIGHT TO DISCHARGE.—Where there is an entire failure of the complaint in a justice court to state an offense, a defendant, even after conviction, is entitled to his discharge upon a writ of *habeas corpus.*

[2] CRIMINAL LAW—CONDUCT OF PERCENTAGE GAME OR BANKING GAME —INSUFFICIENT COMPLAINT.—A complaint charging that the defendant, at a named place and on a given date, "did then and there knowingly and unlawfully conduct a percentage and banking

gambling game—Secchinetta," without charging that the game was played "for money, checks, credit, or other representative of value," or any equivalent words, fails to state a public offense.

PROCEEDING on Habeas Corpus to secure the release of a person convicted on a charge of gambling. Writ granted.

The facts are stated in the opinion of the court.

Thomas H. Selvage for Petitioner.

Arthur W. Hill and H. C. Nelson for Respondent.

BURNETT, J.—Petitioner was convicted in the justice court of Scotia Township, county of Humboldt, California, on the alleged charge of gambling, and was sentenced to pay a fine of one hundred dollars, and, in default of payment, to be imprisoned in the county jail of said county of Humboldt one day for every dollar of the fine. The charging part of the said complaint was as follows: "Personally appeared before me, this 22d day of August, 1919, S. Catargli of Wildwood in the County of Humboldt, who, first being duly sworn, complains and says: That said N. Capanna on the 17th day of August, 1919, at Wildwood in said county of Humboldt, State of California, did then and there knowingly and unlawfully conduct a percentage and banking gambling game—Secchinetta." [1] The point upon which petitioner relies is that said complaint utterly fails to state any offense known to the law. Being so defective, it is the claim of petitioner that he is entitled to his discharge upon *habeas corpus*. The nature and scope of this writ have been considered often by the courts and it is unnecessary to treat the subject with any degree of elaboration. It is sufficient to refer to the well-considered case of *In re Avdalas,* 10 Cal. App. 507, [102 Pac. 674]. It must be deemed settled that where there is an entire failure of the complaint in a justice court to state an offense, a defendant, even after conviction, is entitled to his discharge upon an application for this writ.

[2] It is obvious that the proceeding in said justice court was taken against petitioner by virtue of section 330 of the Penal Code. But it appears from said section that to make the conducting of a banking or percentage game a crime, it must be played "for money, checks, credit, or

other representative of value," and it is equally apparent that in the complaint before us there is no allegation that the percentage and banking game was so played, nor is there any equivalent words used in said complaint. It is thus to be seen that there is an entire omission to state an essential element of the crime contemplated by said section of the Penal Code. In other words, defendant was charged with a perfectly innocent act since it is no crime to merely · conduct a percentage or banking game. The situation is not changed by the fact that the term "unlawful" was used as a modifier in said complaint or that the game was designated as a gambling game. These terms constitute mere conclusions that do not change the force or effect of the facts set forth in said complaint. The case falls clearly within the principle enunciated in *People* v. *Carroll*, 80 Cal. 153, [22 Pac. 129], *Ex parte Greenall*, 153 Cal. 767, [96 Pac. 864], and *In re Correa*, 36 Cal. App. 512, [172 Pac. 615]. In the Carroll case the information was similar to the complaint in the case at bar, and the court said: "The information charges no offense under this section of the code, or any other. To constitute it an offense to conduct the game, it must be 'played for money, checks, credit, or any other representative of value.'" It is true that the decision rendered in that case was upon appeal, but, under the view of said information thus expressed by the supreme court, if it had been a complaint in a justice court, the defendant would have been entitled to his discharge upon a writ of *habeas corpus*. In this connection it may be stated that, at the time the case of *People* v. *Carroll* was pending, the penalty for the violation of said section 330 was such as to bring the case within the jurisdiction of the superior court.

In *Ex parte Greenall, supra,* the supreme court distinguished between a case brought in the superior court and one brought in a justice court, and the court held that "in order to bring any person" within the provisions of the act of March 14, 1907, making it a misdemeanor for any person to practice or attempt to practice or advertise or hold himself out as practicing medicine or surgery, or osteopathy, or any other system or mode of treating the sick or afflicted, in this state, without having, at the time of so doing, a valid, unrevoked certificate, as provided in the act, it must appear

that he is engaged in the line of work as a business or holding himself out as being so engaged. The court further held that the complaint charging that the defendant "did willfully and unlawfully treat the sick or afflicted by practicing the system or mode known as chiropractic without having at the time of so practicing a valid unrevoked certificate from the board of medical examiners of the state of California entitling him so to do as provided by an act of the legislature of the state of California, entitled," etc., did not show the facts required to constitute a crime and was not sufficient to support a conviction, and that the defendant was entitled to his discharge upon *habeas corpus*.

In the Correa case, *supra*, the defendant was prosecuted in the justice court of Anaheim Township, in Orange County, for a misdemeanor charged to have been committed under section 311 of the Penal Code. He was convicted and committed to the custody of the sheriff and thereafter made application for his discharge on a writ of *habeas corpus*. The complaint in the justice court omitted the term "lewdly" and the district court of appeal for the second district held that this was fatal, the court saying: "It is manifest, upon an inspection of the complaint, that it failed to charge the offense described in the statute. It was not alleged that the acts described were done 'lewdly,' nor were any words of equivalent meaning used in the complaint. An essential element of the crime being thus omitted, the complaint did not state a public offense."

Following the rule enunciated and applied by the foregoing cases we must hold that the petitioner herein was not charged with any offense and is, therefore, entitled to be released. It is ordered that petitioner be discharged from custody.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1920, on the authority of *In re Zany*, 164 Cal. 724, [130 Pac. 710].

All the Justices concurred.