[Crim. No. 2503. In Bank.—January 30, 1923.]

## In the Matter of L. VON PERHACS for Writ of Habeas Corpus.

[1] MOTOR VEHICLE ACT—DRIVING OF AUTOMOBILE IN RECKLESS MANNER — PLEADING — STATEMENT OF PUBLIC OFFENSE. — A complaint charging that the defendant willfully and unlawfully operated and drove an automobile upon a public highway "in a reckless manner" and without due regard to the safety and convenience of other vehicles and the safety of property, states facts sufficient to constitute a public offense under section 20 (a) of the Motor Vehicle Act (Stats. 1919, p. 215), since it is sufficient if the language of the statute is substantially followed.

[2] ID.—PENALTY FOR RECKLESS DRIVING—FINE AND IMPRISONMENT—CONSTRUCTION OF ACT.—The jurisdiction of such offenses is not left to the civil courts or to the motor vehicle department, and where a conviction has been obtained for reckless driving, the penalty of fine or imprisonment or both provided by section 32 (a) of the Motor Vehicle Act is properly imposed.

[3] ID.—REVOCATION OF LICENSE—ADDITIONAL PENALTY.—The revocation of the operator's license for reckless driving as provided in section 22 of the Motor Vehicle Act was not intended as the sole penalty, in view of the provisions of subdivisions (b) and (c) of section 32 which *imply additional penalties.*

[4] ID.—DEFECTIVE COMPLAINT—HABEAS CORPUS.—*Habeas corpus* may not be resorted to in lieu of a demurrer to a complaint in a misdemeanor case upon the ground of uncertainty. (Opinion on denial of rehearing.)

APPLICATION for a Writ of Habeas Corpus to obtain release after conviction of violation of Motor Vehicle Act. Denied.

The facts are stated in the opinion of the court.

D. M. Edwards and J. C. Thomas for Petitioner.

Fred C. Scott and Leroy McCormick for Respondent.

LENNON, J.—Petitioner herein seeks his release on *habeas corpus* after judgment of conviction rendered in the justice's court of Tulare township, county of Tulare. In the justice court of that township petitioner herein was charged with and upon a trial by a jury was convicted of a misdemeanor arising out of an alleged violation of the provisions of the state Motor Vehicle Act. The complaint against petitioner charged that he "did on the 1st day of July, 1922, . . . at the county of Tulare, State of California, wilfully and unlawfully operate and drive a certain motor vehicle, to wit: an automobile, upon a public highway of said county of Tulare, in a reckless manner, and without due regard for the safety and convenience of other vehicles upon said highway, and the safety of property. . . . " The petitioner herein, defendant there, was sentenced to serve forty days in the county jail and to pay a fine of two hundred dollars. Upon appeal to the superior court of Tulare County the judgment was affirmed.

[1] There is no merit in petitioner's contention that the complaint does not state facts sufficient to constitute a public offense. The law does provide such a penalty as is here imposed for the commission of the offense of which the said defendant was convicted. Section 20, subdivision (a) of the Motor Vehicle Act (Stats. 1919, c. 147, p. 215) provides that "The driver or operator of any vehicle in or upon any public highway shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians and of all other vehicles or traffic upon such highway, . . ." The same section specifically sets forth other rules to be followed in the operation of vehicles on the public highway, as, for instance, the procedure to be followed in passing and overtaking other vehicles on the highway and turning at intersections.

It has recently been held by this court, in the matter of the *Application of John H. Murphy, on Habeas Corpus,* ante, p. 286 [212 Pac. 30], that subdivision (a) of section 20, hereinbefore quoted, "prohibits the operation of vehicles in an unsafe manner. . . ." There is, therefore, a direct provision of the statute which provides that vehicles shall be driven in a careful manner, or, in other words, which prohibits vehicles from being driven in a careless manner without regard to the safety and convenience of others.

[2] The jurisdiction of such offenses is not left, as is petitioner's contention, to the civil courts or to the motor vehicle department. Section 32 (a) of the Motor Vehicle Act provides that "Excepting as in this act otherwise provided, or where a different penalty is expressly fixed by this act, *any person violating any of its provisions,* or knowingly making a false statement or knowingly concealing a material fact or otherwise committing a fraud in an application for the registration of a vehicle, or in an application for an operator's or chauffeur's license, shall be guilty of a misdemeanor, and upon conviction thereof, unless in this act otherwise provided, shall be punished by a fine not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." The offense in question, reckless driving, as above pointed out, was contemplated and covered by

and came within the purview of the provisions of section 20 (a). Petitioner herein, by driving recklessly, was guilty of a violation of that provision of the Motor Vehicle Act, and the penalty provided in section 32 (a) was properly imposed.

[3] The revocation of the operator's license for reckless driving, as provided in section 22 of the statute, was not intended as a sole penalty to be imposed, as is contended by petitioner. On the contrary, the legislative intent to impose an additional penalty for the wanton disregard of the life and safety of others is shown by a review of the Motor Vehicle Act in its entirety and particularly by a consideration of those provisions of that act which provide both directly and by necessary implication for the revocation of an operator's license, not as a substitute for but as a supplement to any other penalty imposed. For instance, subdivision (c) of section 32 provides that "In addition to any or all other punishments provided in this act and imposed by the court upon any person for violation of any of the provisions of this act, the court may in its discretion, suspend an operator's or chauffeur's license for a period of not to exceed thirty days, . . ." Again, section 32 (b) provides that "immediately upon receipt by the department of information concerning the third conviction within one year of any person for the violation of any of the provisions of section 22 of this act, the department shall forthwith revoke the operator's or chauffeur's license. . . ." Obviously, since it is upon information of conviction that the license is to be revoked, the revocation must necessarily have been intended as an additional penalty.

The fact that in making the charge in the complaint the exact language of the statute was not used does not, of course, vitiate the complaint. It is sufficient if the pleadings are substantially in the language of the statute and it is not necessary that the language be followed literally. (*In re Avdalas*, 10 Cal. App. 507 [102 Pac. 674].) Practically the only deviation from the words of the statute is the substitution of the words "in a reckless manner" in place of the words "not careful." The only distinction is that the one is stated in a negative and the other in a positive manner. Certainly if petitioner herein was guilty

of driving in a reckless manner he was guilty of driving in a manner not careful.

There is some question as to whether the petitioner is charged with the violation of section 20 of the Motor Vehicle Act or section 22 (a) of the same act. The two provisions are practically the same, both providing that vehicles shall not be driven in an unsafe manner. It is, therefore, immaterial to the petitioner whether he is charged with a violation of one or the other.

The writ is dismissed and the petitioner remanded to the custody from whence he came.

Lawlor, J., Myers, J., Waste, J., Kerrigan, J., Wilbur, C. J., and Seawell, J. concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on March 1, 1923:

THE COURT.—The petition for rehearing is denied.

[4] *Habeas corpus* may not be resorted to in lieu of a demurrer to a complaint in a misdemeanor case upon a ground of uncertainty, etc. The defect, if any, in the complaint in the instant case, for failure to specify the particulars of the offense charged, might have been remedied by demurrer, and if not by demurrer, then by motion in arrest of judgment as provided under section 1452, Penal Code.

Lennon, J., Wilbur, C. J., Kerrigan, J., Waste, J., Myers, J., and Seawell, J., concurred.