[Crim. No. 2790. In Bank.—November 8, 1926.]

In the Matter of the Application of D. S. SIMMONS for a Writ of Habeas Corpus.

[1] Municipal Corporations—Intoxicating Liquor—Regulation—Validity of Ordinance.—A municipal ordinance regulating the manufacture, sale, etc., of intoxicating liquors, providing that the term "intoxicating liquors" as used in the ordinance shall be construed to include the liquors therein named which contain more than one-third of one per cent, by volume, is not unconstitutional in that it conflicts with the spirit and letter of the Wright Act, which permits possession of liquor containing one-half of one per cent of alcohol, by volume.

[2] Id.—State Prohibition Law—Field of—Power of Municipalities.—As the state prohibition law (Wright Act) does not

1. See 14 Cal. Jur. 732.
2. See 14 Cal. Jur. 728, 732.

in terms or by implication occupy the whole field of regulation of the sale of alcoholic liquor in this state, it is within the power of a municipality to enact an ordinance dealing with the same subject but providing other and more stringent regulations than those found in the general statute.

[3] Id.—Definition of "Intoxicating Liquor"—Power of Legisla-ture.—The legislative body, whether national, state or municipal, has authority to define the term "intoxicating liquor" and to fix the alcoholic content below that which is in fact intoxicating, in order that the prohibition law may be effectively enforced; and while there is no appreciable difference between liquor con-taining one-half of one per cent of alcohol, by volume, and that containing one-third of one per cent, the legislature has the discretion to make the possession of one lawful and the other unlawful.

[4] Id.—Validity of Ordinance—Penalty.—A municipal ordinance regulating the manufacture, sale, etc., of intoxicating liquors is not unreasonable and therefore void in that the penalty for its violation is disproportionate to the offense, and in con-flict with general laws of the state where it makes its violation a misdemeanor and punishable by a fine of not less than two hundred and fifty dollars, nor more than five hundred dollars, or by imprisonment in the county jail for a period not to exceed one hundred and eighty days, or by both such fine and im-prisonment, whereas the general law does not fix the minimum of any fine that may be imposed.

[5] Id.—Fixing Punishment—Power of Municipality.—Section 19 of the Penal Code does not limit the punishment which may be fixed by a municipal body for the commission of forbidden acts within the police power of the municipality.

[6] Id. — Penalties — Difference Between Ordinance and State Law.—Where an ordinance does not undertake to punish precisely the same acts as are punishable under the Wright Act, it makes no difference that the penalty for its violation differs from that fixed by the state law.

[7] Id.—Pleading—Sufficiency of Complaint—Habeas Corpus.— Where a complaint in a court of inferior jurisdiction states facts showing that the defendant has committed a public of-fense, but is subject to attack by demurrer on the ground that

---

3. Test of intoxicating character of liquor, notes, 36 **A. L. R.** 725; 19 **A. L. R.** 512; 11 **A. L. R.** 1233; 4 **A. L. R.** 1137.

5. See 14 **Cal. Jur.** 730.

7. See 13 **Cal. Jur.** 236.

it is uncertain as to the particular offense committed, the inferior court has jurisdiction, and the defect will not be ground for the defendant's release on *habeas corpus*.

(1) 33 C. J., p. 528, n. 53.   (2) 33 C. J., p. 527, n. 48, p. 528, n. 53.   (3) 12 C. J., p. 887, n. 33; 33 C. J., p. 498, n. 9 New, p. 519, n. 86, p. 520, n. 87.   (4) 33 C. J., p. 520, n. 94.   (5) 28 Cyc., p. 703, n. 24 New.   (6) 33 C. J., p. 520, n. 94.   (7) 29 C. J., p. 41, n. 31, p. 42, n. 33.

APPLICATION for a Writ of Habeas Corpus to release the petitioner after conviction of the violation of an ordinance prohibiting possession of intoxicating liquor. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

Dorsey & Campbell for Applicant.

Brittan & Brittan for Respondent.

WASTE, C. J.—The petitioner contends that he is unlawfully imprisoned and restrained of his liberty by the sheriff of Kern County after conviction on a charge of violating an ordinance of the city of Bakersfield on a complaint charging him with the possession of intoxicating liquor containing more than one-third of one per cent of alcohol by volume.

Following the decision of this court in *In re Mingo,* 190 Cal. 769 [214 Pac. 850], the city of Bakersfield passed an emergency ordinance, No. 165 (New Series), prohibiting the "manufacture, sale, storage, serving, gift, transportation, importation or exportation and possession of intoxicating liquors for beverage purposes; regulating all other traffic in such liquors"; providing penalties for violation thereof, and repealing certain other ordinances then existing. By section 1(a) it is provided that, for the purposes of the ordinance, "the words 'intoxicating liquors' or 'intoxicating liquor,' wherever used in [the] ordinance shall be construed to include any distilled, malt, spirituous, vinous, fermented or alcoholic liquor, which contains more than one-third of one per cent, by volume, of alcohol, and all alcoholic liquids and compounds, whether proprietary, patented or not, which are potable or capable of being used as a beverage, and which

contains more than one-third of one per cent, by volume, of alcohol."

[1] Petitioner attacks the ordinance as being unconstitutional, in that it is in conflict with the spirit and letter of the Wright Act (Stats. 1921, p. 79), which permits possession of liquor containing one-half of one per cent of alcohol, by volume. He argues, first, that the definition of intoxicating liquor in the Volstead Act, incorporated by reference in the Wright Act, and its application, necessarily make lawful the possession in this state of beverages containing less than one-half of one per cent of such alcohol. That would undoubtedly be so were it not for the fact that the state law is one of regulation of a traffic which may be further regulated by local legislation, provided there is no conflict between the two enactments. That question, in its relation to the Wright Act and a municipal ordinance, has been fully considered and decided in the opinion and decision this day handed down in *In re Iverson, ante,* p. 582 [250 Pac. 681].) [2] It was there held that, as the state law did not in terms or by implication occupy the whole field of the regulation of the sale of alcoholic liquor in this state, it was within the power of a municipality to enact an ordinance dealing with the same subject but providing other and more stringent regulations than those found in the general statute. The same reasoning applies, and the same result follows, in relation to the possession of beverages with an alcoholic content. The first contention of the petitioner, therefore, would not be seriously considered were it not for the further claim that the ordinance and the general law punish exactly the same acts. If that be true, there is a conflict, and the ordinance is void. (*In re Sic,* 73 Cal. 142, 149 [14 Pac. 405]; *In re Mingo, supra.*) There is, it must be admitted, seemingly little difference between having in one's possession liquor containing one-third of one per cent of alcohol, by volume, which is permitted by the ordinance, and possessing the same kind of liquor containing one-half of one per cent of alcohol, which is lawful under the Wright Act but forbidden by the ordinance. But that is not a question which concerns this court. [3] The legislative body, whether national, state or municipal, has authority to define the term "intoxicating liquor" and to fix the alcoholic content below that which is in fact intoxicat-

199 Cal.—38

ing, in order that the prohibition law may be effectively enforced. (*Ruppert, Inc.,* v. *Caffey,* 251 U. S. 264 [64 L. Ed. 260, 40 Sup. Ct. Rep. 141, see, also, Rose's U. S. Notes Supp.]; *State* v. *Brothers,* 144 Minn. 337 [175 N. W. 685]; 33 Cor. Jur., p. 519, par. 65.) It is a matter of common knowledge that liquor containing 51/100 per cent of alcohol is not in fact intoxicating, yet, under the Wright Act, the possession of such liquor for beverage purposes is unlawful, while the possession of liquor containing 49/100 per cent is lawful. There is no appreciable difference between the two, yet the legislature had the discretion to make, and has made, the possession of the one unlawful and that of the other lawful. The same discretion permitted the legislative body of the city of Bakersfield to determine conclusively, in defining an offense under the constitutional prohibition, whether there is any material difference between liquor containing one-half of one per cent and that containing one-third of one per cent. The discretion is legislative and not to be controlled by the courts.

[4] The second line of petitioner's attack is that the ordinance is unreasonable and, therefore, void, for the reason that the penalty for its violation is disproportionate to the offense and in conflict with general laws of the state. Violation of the ordinance is made a misdemeanor, and any person who violates any of its provisions is, on conviction, subject to punishment "by a fine of not less than two hundred and fifty . . . dollars, nor more than five hundred . . . dollars, or by imprisonment in the county jail for a period not to exceed one hundred and eighty . . . days, or by both such fine and imprisonment." The general law of the state (Pen. Code, sec. 19) fixes the penalty for the commission of a misdemeanor, except in cases where a different punishment is prescribed, at imprisonment in a county jail not exceeding six months or by a fine not exceeding five hundred dollars, or by both, but does not fix the minimum of any fine that may be imposed. [5] The section, however, does not limit the punishment which may be fixed by a municipal body for the commission of forbidden acts within the police power of the municipality. (*People* v. *Fages,* 32 Cal. App. 37 [162 Pac. 137]; *Ex parte Isch,* 174 Cal. 180 [162 Pac. 1026].) [6] As the ordinance does not undertake to punish precisely the same acts as are punishable under the Wright

Act, it makes no difference that the penalty for its violation differs from that fixed by the state law. (*In re Hoffman*, 155 Cal. 114, 119 [132 Am. St. Rep. 75, 99 Pac. 517].)

The argument of the petitioner that the complaint does not state facts sufficient to constitute a public offense, for the reason that it does not charge him with the possession of intoxicating liquor as defined in the Wright Act, is answered by what we have said in sustaining the validity of the ordinance under which the charge was preferred.

A further contention is that the complaint does not sufficiently charge a violation of the ordinance if it be held that the ordinance is not void. Petitioner is accused "of the crime of misdemeanor, to wit: Violation of sec. 4 of Ord. No. 165 N. S. committed as follows: That said D. S. Simmons on or about the 11th day of March, 1924, within the corporate limits of the said City of Bakersfield, County of Kern, State of California, did then and there wilfully and unlawfully have in his possession intoxicating liquor containing more than 1/3 of one per cent alcohol by volume in a public place, to wit: that certain building situated and located at 903 California Ave. in the City of Bakersfield without a valid permit so to do in violation of the provisions of Sec. 4, Ordinance No. 165 N. S. passed and adopted by the Council of the City of Bakersfield on the 30th day of April, 1923." To this charge the petitioner entered a plea of "guilty," and his conviction and commitment to the custody of the sheriff followed. We are of the view that the complaint was sufficient. (*Ex parte Mansfield*, 106 Cal. 400, 408 [39 Pac. 775].) The petitioner was plainly informed of the nature of his offense. In determining the sufficiency of such a complaint the greatest liberality must be indulged. If the facts alleged purport to be a substantive statement of the offense, though defectively or inartificially stated, the writ will not lie. (*Ex parte Williams*, 121 Cal. 328, 330, 331 [53 Pac. 706]; *In re Culver*, 187 Cal. 437, 440 [202 Pac. 661].) [7] Where a complaint in a court of inferior jurisdiction states facts showing that the defendant has committed a public offense, but is subject to attack by demurrer on the ground that it is uncertain as to the particular offense committed, the inferior court has jurisdiction, and the defect will not be ground for his release on *habeas corpus*. (*In re Reineger*, 184 Cal. 97, 104 [193 Pac. 81].) The most that

can be said in criticism of the complaint in this case is that it is not sufficiently specific in the particulars of the offense charged. The defect, if any, might have been remedied by demurrer or by motion in arrest of judgment. (*In re Von Perhacs*, 190 Cal. 364, 368 [212 Pac. 689] ; *In re Hayward*, 62 Cal. App. 177 [216 Pac. 414].)

The last contention of the petitioner is that, as the ordinance is invalid, and the complaint upon which petitioner was convicted and under which he is imprisoned does not state facts sufficient to constitute a public offense, the judgment is illegal and the commitment is therefore void. Our determination of the other points urged in the attack on the ordinance disposes of this contention.

The writ is discharged and the petitioner is remanded to the custody of the sheriff.

Richards, J., Finch, J., *pro tem.,* Curtis, J., and Shenk, J., concurred.