[Crim. No. 1526. First Appellate District, Division Two.—February 28, 1929.]

In the Matter of the Application of ROQUE MALDONADO for a Writ of Habeas Corpus.

Southard M. Modry for Petitioner.

N. E. Wretman, City Attorney, for Respondent.

KOFORD, P. J.—A writ of *habeas corpus*, issued by the supreme court, was returned in this court. The return of the sheriff of the county of Santa Clara shows that the prisoner, upon a plea of guilty of possession of intoxicating liquor, was sentenced by the city judge of the city of Sunnyvale to pay a fine of five hundred dollars or to be imprisoned for one day for each dollar of fine so imposed and not paid.

The judgment and sentence which might result in five hundred days' imprisonment in case the five hundred dollar fine remains unpaid is not in excess of the jurisdiction of the city court. The judgment is for a fine and includes no direct imprisonment. Imprisonment is mentioned only as a means of enforcing the payment of the fine. (*In re Kennerly*, 190 Cal. 774 [214 Pac. 857]; *Jones* v. *Police Court*, 86 Cal. App. 332 [260 Pac. 919].) The amount of the fine does not exceed the penalty for the first offense of possession prescribed by the National Prohibition Act, adopted as the law of this state by the Wright Act. (Sec. 29, National Prohibition Act [27 U. S. C. A., sec. 46].)

The return shows that the petitioner was duly arraigned and informed of his rights before he pleaded guilty. It is claimed by petitioner that he was not so informed of his legal rights. Affidavits showing that he was, and others showing that he was not, so informed have been tendered here and a motion has been made to reopen the case after argument and submission for the purpose of taking evidence in this court upon this *habeas corpus* proceeding to determine whether the trial judge did or did not so inform the defendant of his legal rights at the time of his arraignment. In a felony case this point is properly raised by a motion to set aside the information. (*People* v. *Salas*, 80 Cal. App. 318 [250 Pac. 526]; *People* v. *Napthaly*, 105 Cal. 641 [39 Pac. 29].) Here it should be raised by appeal. The writ of *habeas corpus* is not a substitute for an appeal. (13 Cal. Jur. 217, sec. 4.) Errors in the trial and denial of statutory rights which could be waived are grounds of appeal, but are not grounds for discharge on *habeas corpus*. (13 Cal. Jur. 236, sec. 17.) Enough appears to show that the prisoner was accorded a trial. His complaints, if grounded in fact, refer to irregularities. The motion to reopen the case to hear evidence should be denied.

▇▇ The complaint upon which the prisoner was convicted charges that he did wilfully and unlawfully have in his possession certain intoxicating liquor, to wit, white wine containing more than one-half of one per cent alcoholic content, which possession was then and there in violation of Ordinance No. 104 of said city of Sunnyvale. A copy of the said city ordinance has been filed in this court for examination. The possession of intoxicating liquor is not made unlawful by the ordinance unless such possession is in a public or semi-public place in the city. The complaint fails to state any public offense defined in the said city ordinance. The case of *In re Hernandez,* 64 Cal. App. 71 [220 Pac. 423], is direct authority for this ruling. It distinguishes the Hayward case in 62 Cal. App. 177 [216 Pac. 414]. It holds that the omission of the complaint to charge that the possession was in a public place, as specified in the ordinance, is a defect in the complaint which is not waived by failure to demur, but constitutes a failure to state an offense under the ordinance.

Inasmuch as no offense is stated in the complaint under the city ordinance we have not attempted to decide whether, in respect to this particular charge, the ordinance differs enough from the state law to be valid under the theory of the Iverson case, 199 Cal. 582 [250 Pac. 681], and the Simmons case, 199 Cal. 590 [250 Pac. 684], or whether it is invalid under the authority of the Mingo case, 190 Cal. 769 [214 Pac. 850], and the Sic case, 73 Cal. 142 [14 Pac. 405].

But even though the complaint fails to state a violation of the terms of the ordinance, yet if it states a public offense under the National Prohibition Act adopted by the Wright Act, the conviction is nevertheless good. (*Ex parte Mansfield,* 106 Cal. 400 [39 Pac. 775]; *Ex parte Murphy,* 190 Cal. 286 [212 Pac. 30].) This it does under the authority of *People* v. *Norcross,* 71 Cal. App. 2 [234 Pac. 438], and *Olivieri* v. *Police Court of Bakersfield,* 62 Cal. App. 91 [216 Pac. 44]. These last two cited cases were decided upon appeal, and, as is well known, a complaint will fall more easily before an attack upon an appeal than in a *habeas corpus* proceeding.

This case is distinguished from the Mingo case (*supra*) because there the sentence, which was given under a void ordinance, exceeded that provided by state law. It included a

straight jail sentence while here the punishment is by fine alone, the imprisonment being only mentioned to enforce the payment of the fine. (*In re Kennerly, supra.*)

The conviction being upon a complaint sufficient under the Wright Act and the National Prohibition Act and the sentence being within the terms of the same acts the prisoner is not entitled to be discharged upon this proceeding.

The motion to reopen the cause is denied and the prisoner is remanded.

Sturtevant, J., and Nourse, J., concurred.