[Crim. No. 59. Fourth Appellate District.—October 23, 1931.]

In the Matter of the Application of F. S. STAMBAUGH for a Writ of Habeas Corpus.

McFadden & Holden and S. F. Gallagher for Petitioner.

Sam L. Collins, District Attorney, Leo J. Friis, Albert Launer, City Attorney, and Raymond Thompson, Assistant City Attorney, for Respondent.

JENNINGS, J.—Petitioner was convicted by a jury in the Recorder's Court of the City of Fullerton, in Orange County, of the offense of selling gasoline which he falsely represented to be gasoline of a manufacturer, or producer other than the true manufacturer, or producer thereof and was sentenced to pay a fine of $75, and, in default of the payment thereof, to be confined in the county jail of said county at the rate of one day for each $2.00 of said fine. The complaint filed in said cause purported to charge petitioner with a misdemeanor under the provisions of section 1, chapter 697, of the Statutes of 1929, p. 1207.

That portion of the provisions of said section within which it was sought to bring the alleged act of petitioner by the charging part of the complaint, reads as follows: "It shall be unlawful for any person, firm or corporation to sell, offer for sale or assist in the sale of any gasoline, distillate, or lubricating oil for internal combustion engines, and wilfully and falsely represent such gasoline, distillate or lubricating oil to be gasoline, distillate, or lubricating oil of any dealer, manufacturer or producer other than the true dealer, manufacturer or producer thereof, . . . "

It is contended by the petitioner that the complaint which purports to charge him with the offense of which he was convicted fails to state a public offense under the provisions of section 1 of the statute cited, and that, therefore, the judgment of the court rendered pursuant to the verdict of the jury is void and that petitioner is illegally restrained and deprived of his liberty.

The charging part of the complaint is in the following language: "The crime of misdemeanor was committed by F. S. Stambaugh . . . who at the time and place last aforesaid did wilfully and unlawfully offer for sale and delivery, and did sell . . . one half (½) gallon of gasoline and did then and there falsely represent such gasoline to be the gasoline of a manufacturer or producer other than the true manufacturer or producer thereof . . ."

It appears from the record herein that petitioner took an appeal from the judgment of the recorder's court to the Superior Court of Orange County and that the judgment of said recorder's court was affirmed.

It is urged that the complaint is fatally defective in that it fails to include two essential elements necessary to charge petitioner with the commission of a crime in that, first, it fails to allege that petitioner sold gasoline for internal combustion engines, and, second, it fails to allege that petitioner wilfully and falsely represented that the gasoline sold by him was gasoline of a manufacturer or producer other than the true manufacturer or producer.

In considering the petition herein it may not be amiss to make certain observations pertinent to the problem which is here presented. ■ It is clear that the writ of *habeas corpus* is not to be made to subserve the office of a demurrer (*In re Von Perhacs,* 190 Cal. 364 [212 Pac. 689] ; *Ex parte Williams,* 121 Cal. 328, 53 Pac. 706; *In re Avdalas,* 10 Cal. App. 507 [102 Pac. 674] ; *In re McDonald,* 86 Cal. App. 362 [260 Pac. 842]) ; nor is it to be made a vehicle of determining mere errors where a conviction has been had and the commitment thereon is in due form (*In re Kowalsky,* 73 Cal. 120 [14 Pac. 399] ; *In re Hayward,* 62 Cal. App. 177 [216 Pac. 114] ; nor of a motion in arrest of judgment (*In re Simmons,* 199 Cal. 590 [250 Pac. 684] ; *In re Von Perhacs, supra*). ■ In determining the sufficiency of the complaint which is here attacked the greatest liberality of construction must be indulged (*In re Simmons, supra*), and if the facts alleged squint at a substantive statement of the offense the writ will not lie. (*In re Hayward, supra; In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029].) A complaint will fall more easily before an attack upon an appeal than in a *habeas corpus* proceeding. (*In re Maldonado,* 97 Cal. App. 288 [275 Pac. 495].)

■ Bearing in mind the well-settled principles hereinabove stated, it is not difficult to arrive at the determination that the attack made by petitioner upon the complaint must fail. It may be conceded that the complaint is defective in that it fails to contain the allegation that the gasoline which it is charged petitioner misrepresented was gasoline for internal combustion engines, but this defect was one that could have been reached by demurrer for uncertainty or by motion

in arrest of judgment. (*In re Simmons, supra.*) But though the complaint be defective in the respect stated, it is obvious that it attempts to charge an offense; it at least squints at an offense of which the court wherein petitioner was tried had jurisdiction and it is not therefore subject to successful attack in this proceeding. (*In re Cordish*, 94 Cal. App. 680 [271 Pac. 784]; *In re Hayward, supra.*) It can hardly be maintained that petitioner was not plainly informed of the nature of the offense, the gist of which consists in the misrepresentation as to the manufacturer or producer of the gasoline. ▮▮ The contention that the complaint is fatally defective in that it fails to allege that petitioner *wilfully* and falsely represented that the gasoline was gasoline of a manufacturer or producer other than the true manufacturer or producer thereof is likewise without merit. The complaint alleges that petitioner did wilfully and unlawfully·sell to a named individual a specified quantity of gasoline and did then and there falsely represent it to be the product of a named producer when in truth and in fact it was not the product of such producer. It is not necessary that the word ''wilfully'' be repeated in connection with each averment of the acts detailed and enumerated as making up the charge contained in the complaint. (*People* v. *McDougal*, 74 Cal. App. 666, 673 [241 Pac. 598].)

The writ is discharged and the petitioner remanded.

Barnard, P. J., and Marks, J., concurred.