[Crim. No. 1245. Third Appellate District.—February 15, 1933.]

In the Matter of the Application of JOHN S. GARBARINI for a Writ of Habeas Corpus.

Snyder & Snyder for Petitioner.

Virgil M. Airola, District Attorney, for Respondent.

PULLEN, P. J.—This is a proceeding on *habeas corpus.* Petitioner was arrested and convicted upon a complaint

filed in a justice court which designated the offense as "crime of killing a doe, a misdemeanor", it being therein charged that defendant at a certain time and place within the jurisdiction of the court "did wilfully and unlawfully kill a doe".

The defendant was by the court tried and found guilty and a judgment was rendered finding the defendant "guilty as charged".

Petitioner now urges that the complaint as filed did not state a public offense and that the judgment does not state any offense of which petitioner was found guilty.

It is obvious that the complaint was intended to charge a violation of that part of section 626e of the Penal Code, which provides that "every person who hunts, pursues, takes or destroys . . . any female deer . . . is guilty of a misdemeanor". Petitioner contends that a "doe" may be—and the word is so defined in all the recognized dictionaries—either a female deer, female antelope, female hare, female rabbit or a female kangaroo, and inasmuch as the allegation of the complaint is consistent with the innocence of the defendant it cannot support the conviction and the defendant should be discharged on *habeas corpus*.

We are of the opinion that this contention must be held to be well founded. It must first be noted that the complaint was filed in a justice court, a tribunal of limited jurisdiction as distinguished from a court of general jurisdiction. (*Robertson* v. *Langford*, 95 Cal. App. 414 [273 Pac. 150].) A distinction was first drawn between these two classes of courts in *Ex parte Kearny*, 55 Cal. 212, wherein the Supreme Court held a police court to be "a court of limited jurisdiction whose powers are conferred and whose duties and mode of procedure are prescribed by statute, and to which the rule applies that the evidence of its proceedings must affirmatively show jurisdiction of the person of the defendant, and over the subject matter".

In *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804, 806], after conviction and affirmance thereof in the superior court, the Supreme Court, through Mr. Justice Angellotti, discharged the petitioner upon the ground the complaint in the justice court did not state facts required to constitute a violation of the act attempted to be set forth, and that the

allegations of the complaint were consistent with the innocence of the accused.

In that case petitioner was charged with the violation of an act (Stats. 1907, p. 252), which made it a misdemeanor for any person to practice medicine without having at the time a valid certificate. The complaint in question failed to show that petitioner was engaged in the treating of the sick as a business or calling, and inasmuch as the allegations of the complaint in the justice court were consistent with the innocence of the defendant, it failed to show a public offense and the petitioner was discharged.

Our attention is called to the case of *Ex parte Ruef*, 150 Cal. 665 [89 Pac. 605], where the court held, without distinguishing between courts of general and limited jurisdiction, that on *habeas corpus* it would not inquire into the sufficiency of an indictment if it appeared or purported to show an offense of a kind of which the court has jurisdiction, but in the Greenall case, *supra*, the court commenting upon the Ruef case, said:

"The rule in the Ruef case has never been applied by this court to proceedings in courts of inferior as distinguishable from courts of general jurisdiction."

In *In re Avdalas*, 10 Cal. App. 507 [102 Pac. 674], Mr. Justice Hart applied the rule of the Ruef case to a court of limited jurisdiction, and in support thereof cited the case of *Ex parte Maier*, 103 Cal. 476 [37 Pac. 402, 42 Am. St. Rep. 129], and *Ex parte Williams*, 121 Cal. 328 [53 Pac. 706], and criticised, on the ground of logic, the rule as laid down in *Ex parte Greenall*, *supra*, saying:

"I frankly confess that I am unable to perceive any logical ground for drawing a distinction between felony and misdemeanor cases, where, in either case, the accusatory document fails to state facts sufficient to show the commission of a public offense known to the law, unless it is intended to arbitrarily declare that, because the law furnishes no method by which misdemeanor cases may be carried to the higher courts for the correction of errors, the writ of *habeas corpus* may be extended in its scope, in such cases, and made to perform practically the office of a writ of error. I see no serious objection to thus enlarging the scope of the writ, in which event there would then appear a valid reason for

the distinction which appears to have been established in the Greenall case.

"Of course, it is only a trite declaration to say that the sole purpose of the writ of *habeas corpus* is to try and determine questions of jurisdiction in the class of cases to which it is applicable, and, obviously, if either a complaint in a justice's court or an indictment absolutely fails to state any public offense known to the law, the court in which such accusatory pleading is filed is manifestly without jurisdiction to restrain the liberty of the person so charged or to put him upon trial under such pretended complaint or indictment.

"It does not definitely appear from the opinion in the Greenall case, *supra,* that the court intends to hold that the writ of *habeas corpus,* as to misdemeanors of which justices' and police courts have jurisdiction, shall serve the purpose of a writ or proceeding for the correction of errors, and, therefore, I agree with the court in the case of *Ex parte Williams,* 121 Cal. 328 [53 Pac. 706], that the writ is not to be made to subserve the office of a demurrer."

Shortly after this case the Supreme Court in the case of *Ah Sing,* 156 Cal. 349 [104 Pac. 448], took occasion to re-affirm the rule as expressed in *Ex parte Greenall,* saying:

"In view of the statement in the petition for the writ to the effect that a difference of opinion exists among the courts of this state as to the right of a court on *habeas corpus* to determine the question whether a complaint in a court of limited or inferior jurisdiction states facts sufficient to constitute a public offense, it is proper to say that the rule in this state in that regard is correctly stated in *Ex parte Greenall,* 153 Cal. 767, 770 [96 Pac. 804], in which case it is plainly pointed out that the rule is different from the one applied to courts of general jurisdiction, as in *Ex parte Ruef.* An examination of the opinion in the case of *Tobias Watkins,* 3 Pet. (U. S.) 193 [7 L. Ed. 650], cited in the Greenall case, will disclose grounds for this distinction."

In the case of *Hogan* v. *Superior Court,* 16 Cal. App. 783 [117 Pac. 947, 951], Mr. Justice Hart, the author of the opinion in the case *In re Avdalas, supra,* said:

"It has been held that a complaint which purports to charge a misdemeanor of which justices' courts have juris-

diction but which fails to state any offense known to the law, upon the conviction of the accused under the averments of such pretended pleading, may be declared void on *habeas corpus* and the accused discharged from custody. (*Ex parte Greenall,* 153 Cal. 767 [96 Pac. 804].) Since unlawful restraint of one's liberty, from which restraint he may be released through the writ of *habeas corpus,* involves, essentially, the question of jurisdiction, it follows, of course, that where, as here, the relief sought is to prevent the performance of an act which, it is alleged, would be in excess of the jurisdiction of the court, or where, as in the Shortridge case, *supra,* such act has already been performed, the writ of prohibition, in the first mentioned case, and the writ of *certiorari,* in the last mentioned case, may be invoked to prevent the doing of or to annul, as the case may be, the act, the validity of which is thus challenged."

The same jurist in the case of *Matter of Goldsworthy,* 22 Cal. App. 354 [134 Pac. 352, 355], in a proceeding in the juvenile court, adopted the rule announced in the Greenall case, and said:

"In the examination of the sufficiency of complaints in ordinary misdemeanor cases, cognizable in justices' courts, the rule applied in the Ruef case cannot be invoked in this state (*Ex parte Greenall,* 153 Cal. 767, 770 [96 Pac. 804]; *Ex parte Kearny,* 55 Cal. 212). The reason for this distinction seems to be, stated generally, that the presumptions favorable to the regularity of the proceedings and judgments and jurisdiction of courts of general jurisdiction are not extended or accorded to courts of inferior jurisdiction . . . , and that, therefore, the validity or legality of the proceedings and judgments of the latter courts must be proved or made to affirmatively appear by their own records."

In the foregoing cases there was a failure to state any offense known to the law; there are others in which the complaint attempts to state a public offense, but by reason of uncertainty, duplicity, or ambiguity it is subject to correction by motion as is illustrated by the following:

*In re Stambaugh,* 117 Cal. App. 659 [4 Pac. (2d) 270, 271], petitioner was convicted of the offense of selling gasoline which he falsely represented to be gasoline of a

manufacturer other than the true manufacturer, a misdemeanor.

The provisions of the section within which it is sought to bring the alleged act made it a misdemeanor to sell any gasoline for internal combustion engines, and wilfully and falsely represent the same to be gasoline of a manufacturer other than the true manufacturer thereof.

Petitioner therein contended the complaint under which he was convicted failed to state a public offense in that it failed to allege the gasoline sold was for internal combustion engines, and fails to allege he wilfully and falsely represented that the gasoline so sold was the product of a manufacturer other than the true manufacturer.

This defect was clearly one of uncertainty and could have been reached by motion, as the court said:

"But though the complaint be defective in the respect stated, it is obvious that it attempts to charge an offense; it at least squints at an offense of which the court wherein petitioner was tried had jurisdiction and it is not therefore subject to successful attack in this proceeding." (*In re Stambaugh, supra.*)

*In re Bergen,* 61 Cal. App. 226 [214 Pac. 521, 522], a complaint in the justice court accused the defendant "of a crime of misdemeanor, to-wit, carrying a concealed weapon, committed as follows: That said . . . did then and there wilfully and unlawfully conceal upon his person . . . pistol, without a license to carry such firearm". The statute provides, "Every person who carries . . . any pistol, . . . concealed upon his person without having a license to carry shall be guilty of a misdemeanor. . . . "

It was held the complaint did not state a public offense, and that the jurisdiction of the court must appear from the charging part of the complaint and if the crime intended to be charged is not distinctly alleged in that part thereof it cannot be helped by the designation of the offense in the introductory part of the complaint.

"But it is said that from the fact that the complaint alleges that petitioner was without a license 'to carry' such firearms it might be understood that the pleader intended to charge the defendant with having carried as well as concealed the pistol. This would be overstraining even the

'squint' doctrine announced in *In re Avdalas, supra.*'' (*In re Bergen, supra.*)

The Bergen complaint in the introductory clause does inform the defendant that he is being accused of having committed the crime of ''carrying a concealed weapon''; but in the instant case it is nowhere pointed out that defendant was accused of the violation of section 626e of the Penal Code, or with having killed a female deer.

In the case of *Reineger,* 184 Cal. 97 [193 Pac. 81, 84], it is claimed that the complaint charged two crimes under the Statutes of 1919, page 89, relating to the sale of imitation milk. No claim was made in that case, however, the complaint stated no offense, wherein it is to be distinguished from the case at bar where the contention is here made that no offense is stated.

''Where a ·complaint in a court of inferior jurisdiction states facts showing that the defendant has committed a public offense, but is subject to attack by demurrer on the ground that it is uncertain as to the particular offense committed, the inferior court ˙has jurisdiction and the defect will not be ground for his release on *habeas corpus.* (*Ex parte McNulty,* 77 Cal. 166 [11 Am. St. Rep. 257, 19 Pac. 237].) There is nothing in *Ex parte Kearny,* 55 Cal. 212, or *Ex parte Greenall,* 153 Cal. 767 [96 Pac. 804], that is contrary to this rule. The complaints there considered fail to show that the defendant had committed any offense whatever.'' (*In re Reineger, supra.*)

*In re Hayward,* 62 Cal. App. 177 [216 Pac. 414], the defendant was charged in the justice court with having violated a city ordinance prohibiting the sale of intoxicating liquor. The defendant pleaded guilty and after conviction appealed to the superior court, which court affirmed the judgment. Defendant then asked for her discharge upon *habeas corpus* upon the ground that the complaint, ''utterly and wholly failed to constitute a public offense known to the law'', for the reason that the complaint fails to allege that the intoxicating liquor was sold ''for beverage purposes''.

The court holds (syllabus) :

''Where a complaint in a prosecution before a justice's court for a violation of a municipal liquor ordinance does not wholly fail to state a cause of action, but at most is

merely defective, in that it does not specifically allege that
the intoxicating liquor was sold for beverage purposes, such
defect might be remedied by demurrer, or by motion in
arrest of judgment; but where such objection is not raised
in the justice's court, or in the superior court on appeal
from the judgment of conviction, and such judgment is
affirmed, the defendant is not entitled to release upon *habeas
corpus*.''

The decision criticises the Greenall case, and states that
the rule therein announced ''has been whittled down by
judicial construction until it has become a mere shadow
line of authority'', and cites as authority for such statement
*In re Avdalas,* 10 Cal. App. 507 [102 Pac. 674]; *Ex parte
Williams,* 121 Cal. 328 [53 Pac. 706]; *In re Turck,* 37 Cal.
App. 601 [174 Pac. 100]; *In re Reineger,* 184 Cal. 97 [193
Pac. 81]; *In re Culver,* 187 Cal. 437 [202 Pac. 661]; *In re
Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; *In re Von Per-
hacs,* 190 Cal. 364 [212 Pac. 689]. An examination of
these cases, however, shows that they do not go as far as
the court interprets them. The court in *Ex parte Williams,*
121 Cal. 331 [53 Pac. 706, 707] said:

''We are nevertheless satisfied that the complaint con-
tains sufficient in substance, when picked out, to constitute
an offense under the first clause of the section. . . . The
fact that it contains allegations . . . calculated to bring it
within another feature of the statute cannot, as suggested,
affect the sufficiency of the facts to state an offense. . . . It
is only necessary that the complaint should state an offense
within the jurisdiction of the court trying it, to meet the
objection here.''

Also, *In re Von Perhacs,* 190 Cal. 364 [212 Pac. 689, 690].
In this case ''practically the only deviation from the words
of the statute is the substitution of the words 'in a reckless
manner' in place of the words 'not careful'. The only dis-
tinction is that the one is stated in a negative and the other
in a positive manner.''

Upon a motion for rehearing, in denying the same, the
court said:

''*Habeas corpus* may not be resorted to in lieu of a demur-
rer to a complaint in a misdemeanor case upon a ground of
uncertainty, etc. The defect, if any, in the complaint in the
instant case, for failure to specify the particulars of the

offense charged, might have been remedied by demurrer, and if not by demurrer, then by motion in arrest of judgment as provided under section 1452, Penal Code.''

■ It is to be noted that in the instant case petitioner was deprived of his right to move in arrest of judgment as provided in section 1452 of the Penal Code, by the action of the justice of the peace, who, in the absence of the defendant, found him guilty and imposed sentence, contrary to section 1449 of the Penal Code.

The rule as laid down in the Greenall case is announced and applied in the cases of *In re Williams,* 73 Cal. App. 485 [238 Pac. 1044] ; *In re Wilson,* 196 Cal. 515 [238 Pac. 359] ; *In re People* v. *Slanich,* 94 Cal. App. 738 [271 Pac. 920].

It is sometimes said that *habeas corpus* may not be made to subserve the office of a demurrer, but there seems to be no procedure provided in the Penal Code for a demurrer to a complaint in a criminal case in a justice's court. Section 1429 of the Penal Code provides that the defendant may make the same plea as upon an indictment as provided in section 1016 of the Penal Code, which latter section simply provides for a plea of guilty or not guilty and certain special pleas. The Penal Code by section 1450 provides for a motion for a new trial or in arrest of judgment, but as stated in the case now before us, the defendant was deprived of the opportunity to so move for the reason that the decision and judgment were both made and entered at the same time and without notice to and in the absence of the defendant.

We find no fault with the rule of law as contended for by respondent that if the facts alleged ''squint'' at a substantial statement of the offense no matter how defectively or inartificially they may be stated, or however confused or beclouded they may be rendered through intermingling therein with immaterial or unnecessary averments, the writ will not lie; but here we have more than a charge defectively or inartificially stated; it is more than a mere defect, it fails to state any offense known to the law.

■ Counsel for petitioner clearly indicates the vice of the complaint by stating that the complaint as filed charges that petitioner ''did wilfully and unlawfully kill a doe''. In view of the definition of ''doe'' that allegation is equivalent to charging that defendant ''did wilfully and unlaw-

fully kill a female deer, or a female antelope, or a female hare, or a female rabbit, or a female kangaroo'', and reduced to its ultimate absurdity the charge is that defendant ''did wilfully and unlawfully kill an animal''. We cannot say that such a complaint would charge a public offense. Such construction would violate the rule that a complaint must not only be consistent with the theory of guilt of the accused but must be inconsistent with the theory of his innocence. (*People* v. *Eppinger*, 105 Cal. 39 [38 Pac. 538]; *People* v. *Lamanuzzi*, 77 Cal. App. 301 [246 Pac. 557]; *In re Capanna*, 45 Cal. App. 501 [187 Pac. 1077].)

Following the rule enunciated and applied by the foregoing cases we must hold that the petitioner herein was not charged with any offense and is therefore entitled to be released.

It is ordered that petitioner be discharged from custody.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1933.