[Crim. No. 386.   In Bank.—January 11, 1898.]

Ex Parte CHRIS P. PETERSON on Habeas Corpus.

CRIMINAL LAW—WILLFUL AND UNLAWFUL USE OF No. 8 SHOTGUN—INSUFFI-
CIENT COMPLAINT—PURPOSE OF USE—STATUTORY CONSTRUCTION—JURIS-
DICTION—HABEAS CORPUS.—Section 27 of the Penal Code, as amended
March 9, 1897, making the willful and unlawful use of a shotgun of
a larger caliber than that commonly known as a No. 10 gauge a
misdemeanor is not to be construed as making it a misdemeanor to
use a larger shotgun in any possible way, or for any possible pur-
pose, but, taking the whole context of the act, it was the evident
intention of the legislature to prohibit the use of guns of larger cali-
ber for the purpose of killing game or other animals, and, in a prose-
cution under such a statute, it is not sufficient to follow its literal
terms in charging the offense, but the particular kind of use which
the legislature intended to prohibit must be alleged; and a complaint
charging the willful and unlawful use of a No. 8 shotgun merely in
the language of the statute, is insufficient to show a complete offense,
or to give a justice of the peace jurisdiction, and a defendant con-
victed under such complaint, must be discharged on *habeas corpus*.

WRIT of *habeas corpus* from the Supreme Court to the sheriff
of Fresno County, to test the validity of a judgment of the Jus-
tice's Court of the Third Judicial Township of Fresno County.
S. C. St. John, Justice of the Peace.

The facts are stated in the opinion of the court.

V. G. Frost, for Petitioner.

THE COURT.—The prisoner was convicted and is imprisoned
upon a charge that he "did willfully and unlawfully use a shot-
gun of a larger caliber than that commonly known and desig-
nated as a No. 10 gauge, to wit, a No. 8 gauge." This is in the
language of the statute defining the offense (Pen. Code, sec. 627,
as amended March 9, 1897; Stats. 1897, p. 92), but still it does
not sufficiently charge the offense, because the statute contains
a qualification which it does not express. The legislature did
not mean to make it a misdemeanor to use a No. 8 gun in any
possible or conceivable way, or for any possible purpose. Tak-
ing the whole context of the act, it is apparent that the intention
was to prohibit the use of guns of large caliber for the purpose
of killing game or other animals. It is like the law prohibiting

the drawing of blood in the street, which was properly held not to apply to the bleeding by a barber of a man who fell down in a fit. In a prosecution under such a statute it is not sufficient to follow its literal terms in charging the offense, but the particular kind of use which the legislature intended to prohibit must be alleged. The charge, in other words, must be laid according to the true construction of the act, and must contain all the elements of the complete offense.

As the complaint did not state facts sufficient to constitute an offense, the justice had no jurisdiction and the prisoner must be discharged.

So ordered.

Garoutte, J., did not participate.