### Alverson v. Commonwealth.

(Decided April 28, 1922.)

### Appeal from Madison Circuit Court.

1. Indictment and Information—Demurrer.—An indictment which
   charges the commission of a misdemeanor on the same date it is
   returned, but in the past tense, is not demurrable upon the ground
   that it fails to charge that the offense was committed within
   twelve months next before the finding of the indictment.

2. Intoxicating Liquors—Indictment and Information—Exceptions.—
   The use of "and" instead of "or" in negativing the exceptions
   found in the statute denouncing the unlawful possession of in-
   toxicating liquors, while erroneous, is not such a prejudicial error
   as will necessitate a reversal.

3. Criminal Law—Review.—Where there was neither objection nor
   exception to the introduction of evidence upon the trial, and an

objection was first urged in the motion for a new trial, it comes too late to be available upon appeal.

R. C. OLDHAM for appellant.

CHAS I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, James Alverson, was convicted of having intoxicating liquors in his possession for the purpose of sale, and his punishment fixed at a fine of $300.00 and confinement in jail for sixty days.

For reversal, he urges: (1) That his demurrer to the indictment was improperly overruled; (2) that the evidence of liquor found upon his premises was incompetent because obtained under an illegal scarch warrant, and (3) that the verdict is the result of passion and prejudice, and not supported by law.

The claim that the indictment is demurrable is based: (a) Upon the assertion that it fails to charge that the offense was committed within twelve months before the finding of the indictment, and (b) upon the use of the conjunctive "and" instead of the disjunctive "or" in negativing the exceptions found in the section of the statutes which defines the offense.

As the offense is a misdemeanor and prosecutions therefor are barred unless begun within a year after commission, the indictment is fatally defective unless it charges that the offense was committed within twelve months before the date the indictment was returned, Williams v. Commonwealth, 37 S. W. 839; Commonwealth v. Megibbon, 40 S. W. 694.

The indictment here, returned on October 11th, 1921, charges that the defendant "on the 11th day of October, 1921 in the county aforesaid, did unlawfully have in his possession and keep for sale, spirituous, vinous and intoxicating liquors for other than mechanical, medicinal, scientific and sacramental purposes." It will be noticed the charge is that the offense was committed on the same day that the indictment was returned, but that it is charged as a past transaction. This court, in many cases, has held that under such circumstances the indictment charges the commission of the offense prior to the finding of the indictment. Morgan v. Commonwealth, 172 Ky. 684, and the cases there cited. Hence, it is here

charged that the act was committed on October 11th, 1921, and prior to the finding of the indictment which is, of course, within the required twelve month period.

We have held in two very recent cases that the use of the word "and" in the place of the word "or" in negativing the exceptions allowed by the statute as in this indictment, while erroneous is not necessarily prejudicial, and that a reversal will not be ordered because thereof, unless the defendant's substantial rights were prejudiced thereby. Walker v. Commonwealth, 193 Ky. 426; Walker v. Commonwealth, 193 Ky. 656. There is no basis whatever for any claim, and none is made, that the error was prejudicial here.

The next contention, that the search warrant was illegal and the evidence obtained thereunder incompetent, need not be considered because of the failure of the defendant to object or except to the introduction of such evidence. The objection was made for the first time in the motion and grounds for a new trial, and it then comes too late to be available upon appeal, as this court has uniformly held in numerous cases. Terrell v. Commonwealth, 13 Bush 246; Brown v. Commonwealth, 14 Bush 398.

The final complaint that the verdict is the result of passion and prejudice and not supported by law, is predicated upon the theory that the evidence of the defendant's guilt was incompetent and ought not to have been considered, but as this evidence was introduced without objection, it must be considered in determining whether or not the verdict is contrary to the evidence, and when considered there is no question but that the evidence amply sustains the verdict.

Wherefore the judgment is affirmed.