### Bicknell v. Commonwealth.

(Decided May 12, 1922.)

Appeal from Madison Circuit Court.

1. Indictment and Information—Sufficiency of Accusation.—An indictment charging that a misdemeanor was committed on the day before the indictment was returned, sufficiently charges its commission within twelve months next before the finding of the indictment.

2. Intoxicating Liquors—Exceptions.—The use of "and" instead of "or" in negativing the exceptions with reference to intoxicating liquors sold or kept for sacramental, medicinal, scientific or mechanical purposes, found in section 2554a-1, Kentucky Statutes, while error, is not prejudicial where the evidence sustains a conviction without reference to any of the exceptions.

R. C. OLDHAM for appellant

CHAS I. DAW'SON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was convicted of having intoxicating liquors in her possession for the purpose of sale, in violation of section 2554a-1 Kentucky Statutes, and her punishment fixed at a fine of $300.00 and confinement in the county jail for 60 days. For reversal she urges that the court committed prejudicial error in overruling her demurrer to the indictment and in refusing to direct a verdict for her.

It is first insisted that the indictment is fatally defective because charging a misdemeanor it fails to charge its commission within twelve months next before the finding of the indictment. If this is true, the indictment is fatally defective. See Alverson v. Commonwealth, 196 Ky. 192, and the authorities there cited. The indictment, however, was returned on October 5th, 1921, and charges the commission of the offense on the 4th day of October, 1921, which is clearly a charge that the offense was committed within twelve months next before the finding of the indictment, and there is no merit in this contention. Morgan v. Commonwealth, 172 Ky. 684, 189 S. W. 943; Alverson v. Commonwealth, *supra.*

The only other criticism of the indictment is that in negativing the exceptions with reference to liquor kept or sold for sacramental, medicinal, scientific or mechanical purposes found in the section of the statutes under which the indictment is drawn, the word "and" was used instead of "or." That this was error but not prejudicial unless the exceptions were involved by the defense interposed has been held by this court in at least three recent cases, viz.: Walker v. Commonwealth, 193 Ky. 426; Walker v. Commonwealth, Ib. 656; Alverson v. Commonwealth, *supra.*

It is insisted, however, that the error was prejudicial here because it is contended that the appellant's defense

was that the intoxicating liquor she had in her possession was Jamaica ginger, and that she kept same for sale for medicinal purposes only. This contention, however, is wholly without force. The Commonwealth proved, and no one denied, although defendant testified in her own behalf, that within the period covered by the indictment, she sold whiskey to Floyd Brandenburg. The fact was, therefore, conclusively established that she sold whiskey, which necessarily proved having possession of same for sale, within the time covered by the indictment. As there was no claim that this whiskey was kept or sold for any of the purposes covered by the exceptions, it is apparent the charge was fully sustained without reference to her possession of Jamaica ginger which she claimed, and that we may concede, she kept for sale for medicinal purposes only.

Obviously under these circumstances the use of the conjunctive "and" instead of the disjunctive "or" in negativing the exceptions in the statute was not prejudicial under the authorities cited above, since the conviction must be sustained upon evidence which does not involve the attempted but wholly futile defense based upon one of the exceptions contained in the statute.

There is, therefore, no merit in the contention that the court committed prejudicial error in overruling the demurrer to the indictment; and from what we have already said it is patent the further contention that the court erred in refusing to direct a verdict for the defendant is likewise without merit.

Wherefore the judgment is affirmed.