## Mullins v. Commonwealth.

(Decided June 17, 1924.)

## Appeal from Pike Circuit Court.

1. Criminal Law—Prosecution for Drunkenness Must be Commenced Within Six Months.—Prosecution for drunkenness, under Acts 1922, c. 33, section 24, must be brought within six months, in view of Ky. Stats., section 1138.

2. Indictment and Information—Indictment for Drunkenness, Though Not Charging Offense Committed Within Six Months, Held Not Demurrable.—An indictment charging that on the "11th day of September, 1923, and within twelve months before the finding of the indictment," defendant was drunk in public places, was not demurrable because not charging that offense was committed within six months of finding of indictment, as required by Ky. Stats., section 1138, where record shows indictment was found and returned by grand jury September 12, 1923.

3. Drunkards—Evidence Held to Sustain Conviction.—Evidence held to show drunkenness in public place, under Acts 1922, c. 33, section 24.

4. Drunkards—Offense to be Drunk on Private Road in Presence of Others.—It constitutes drunkenness, denounced by Acts 1922, c. 33, section 24, to be intoxicated and boisterous on private road, in presence of others and to disturbance of public peace.

5. Drunkards—Whether Defendant Drunk Held for Jury.—Whether one prosecuted under Acts 1922, c. 33, section 24, was drunk, held for jury.

6. Criminal Law—If there is Any Evidence Conducing to Prove Guilt, Case Must be Submitted to Jury.—If there is any evidence conducing to prove guilt of defendant, case must be submitted to jury.

7. Criminal Law—Evidence Held to Show Offense Committed Within Six Months Before Finding of Indictments, and Directed Verdict Properly Refused.—In action for drunkenness defendant held not entitled to directed verdict on ground that there was failure of evidence to prove offense committed within six months before finding of indictment; witness testifying that "it was the day before I appeared before the grand jury."

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By an indictment returned by the grand jury of Pike county, September 12, 1923, the appellant, Jim Mullins, was charged in the following terms with the offense of drunkenness:

"The said Jim Mullins in the said county of Pike on the 11th day of Sept., 1923, and within twelve months before the finding of the indictment, did unlawfully, wilfully and knowingly, be and become drunk and in an intoxicated state, by the use of liquor or other intoxicating beverages, on a public highway, at a church, a school, a store and other public places. . . ."

The appellant's trial for the offense charged in the indictment resulted in the return of a verdict by the jury finding him guilty and fixing his punishment at a fine of $100.00 and imprisonment of thirty days in jail. He was refused a new trial and judgment entered in pursuance of the verdict, from which he has appealed.

The offense charged in the indictment is one defined and denounced by chapter 33, section 24, Acts 1922. It was urged as a ground for the new trial moved for in the court below, and now insisted by the appellant's counsel as a ground for the reversal of the judgment of conviction, that the indictment is fatally defective and the trial court erred in overruling his demurrer to same, because of its alleging that the offense therein charged was committed by the appellant within twelve, instead of six months, before the finding of the indictment; it being contended that as the statute, *supra,* under which the appellant was indicted, fails to prescribe the time within which a prosecution therefor shall be commenced, or barred, that question is controlled by the provisions of section 1138, Kentucky Statutes, which provides:

"Prosecutions by the Commonwealth for felony, unless otherwise specially provided, shall not be barred by lapse of time or any law of limitations. Prosecutions by the Commonwealth to recover a penalty for a violation of any penal statute or law, and an action or procedure at the instance of any person to recover any such penalty, shall be commenced within one year after the right to such penalty accrued, and not after unless a different time

is allowed by the law imposing the penalty. Prosecutions for profane swearing, cursing or *being drunk,* or Sabbath breaking, and against surveyors of public roads, shall be commenced *within six months after the offense is committed, not after.*"

Obviously, this is peculiarly a statute of limitations, the provisions of which apply to all criminal and penal prosecutions that are not specifically exempted from its operation by some other statute, which does not appear to have been done as to the offense here charged. We therefore agree with counsel for the appellant that its provision requiring a prosecution for the offense of drunkenness, or being drunk, to be commenced within six months after the commission of the offense, is applicable to the case at bar; but this conclusion will not require us to hold the indictment bad on demurrer. While it does fail to allege that the offense was committed within six months before the finding of the indictment, and erroneously alleges its commission within twelve months before the finding thereof, the indictment is nevertheless sufficient and, therefore, not subject to demurrer; because it does allege that the offense charged was committed by appellant September 11, 1923, and as it is shown by the record that the indictment was found and returned by the grand jury September 12, 1923, it conclusively appears that the day and date therein alleged as the one on which the offense was committed clearly fixed the time of its commission as well within the six months next before, or preceding, the finding of the indictment.

In numerous cases we have held that an indictment charging that an offense was committed on the day before the indictment was returned, will be sufficient without in terms charging its commission within the time provided by statute for instituting the prosecution for such offense. Bicknell v. Comlth., 196 Ky. 194. In Alverson v. Comlth., 196 Ky. 192, it was held that an indictment which charges the commission of a misdemeanor on the same day the indictment is returned, but in the past tense, is not demurrable because it fails to charge that the offense was committed within twelve months before the finding of the indictment.

The rule stated has also frequently been applied where the offense charged was a felony. Comlth. v. Cain, 14 Bush 525; Morgan v. Comlth., 172 Ky. 684; Estes v. Comlth., 194 Ky. 475. In Estes v. Comlth.,

*supra,* a prosecution for a felony, the indictment, which was returned September 27, 1921, alleged that the offense was committed September 26, 1921, the day before its return, but omitted the formal allegation that it was committed before the finding of the indictment. It was held, however, that the indictment was good without the latter allegation; and in so holding we in the opinion, in part, said:

"It appears from the record both by an order and the endorsement on the indictment that it was returned September 27, 1921, therefore it should be treated as having been found by the grand jury as of that date; and as it is alleged in the indictment that the statutory crime therein charged was committed by the appellant September 26, 1921, and the time thus stated was a day before the day upon which the indictment was returned, it clearly fixed the commission of the crime as occurring before the finding of the indictment. This, as held in Commonwealth v. Cain, 14 Bush 525, and Morgan v. Commonwealth, 172 Ky. 684, was a substantial compliance with the requirement of section 129, Criminal Code, because the court is authorized on demurrer to assume that the offense was committed on the date and at the time charged in the indictment, though the Commonwealth on the trial is not confined to the time alleged, but will, if the offense be a felony, be permitted to prove that it was committed at any time before the finding of the indictment."

It is apparent from the authorities, *supra,* that the action of the trial court in overruling the appellant's demurrer to the indictment was not error.

The appellant also complains of the trial court's refusal to him of an instruction, asked after the introduction of the Commonwealth's evidence and again at the conclusion of all the evidence, peremptorily directing his acquittal by verdict of the jury. His insistence that this ruling of the court was error is rested on the claim that he was entitled to such a verdict: (1) Because of the failure of the Commonwealth to prove him guilty of the offense charged in the indictment. (2) Because of its failure to prove that it was committed within six months before the finding of the indictment.

Neither of these contentions is sustained by the record. As to the first it is sufficient to say that positive

evidence of the appellant's guilt was furnished by the testimony of the Commonwealth's single witness, W. C. Blackburn, a deputy sheriff of Pike county, who stated that he saw the appellant in the public road at the J. B. Elkhorn mining camp in that county; that he was then staggering drunk, talking very loud, cursing and boisterous, and that he (witness) smelled whiskey on his breath. The witness further testified that the appellant on the occasion referred to was with Tan Branham, Buck Damron, W. A. Damron and Everett Damron, all of whom, except Everett Damron, were cursing and as boisterous as the appellant.

The appellant testifying in his own behalf admitted his presence at the J. B. Elkhorn mining camp on the occasion mentioned by Blackburn and that he then and there met the latter, but denied that he was drunk or boisterous or that he had been drinking whiskey. He also admitted that the persons named by Blackburn were with him and that they, excluding Everett Damron and himself, were all drunk and boisterous. The appellant admitted that he did some cursing, but that it followed his rendering of assistance to Buck Damron, Monroe Roberts and Tan Damron in getting their automobile back into the road from which it had been recklessly run by them, and because he was accused by Blackburn of causing the accident.

The only other witnesses who testified in the case were Nub Ramsey and Sam Branham, introduced for the appellant. Ramsey testified that he saw the appellant on the occasion referred to and he did not act like he was drunk. Sam Branham, the other witness, was not asked in regard to the condition of appellant at the time in question; his testimony being confined to his knowledge of the road upon which Blackburn claimed to have seen the appellant drunk, with respect to which he stated that the road was not the public or county road but one which had been made by the J. B. Elkhorn Mining Company two or three years previously; and while it is used by the public generally the county road is situated on the other side of the creek from seventy-five to a hundred and twenty-five yards distant from the road at the mining camp. The same facts in regard to the road had been testified to by the appellant.

The object of this evidence was to contradict that of Blackburn stating that the road in which he saw the appellant drunk and boisterous was a public road. But

the evidence was not material. The statute under which the indictment was found makes drunkenness and the accompanying boisterous conduct attributed by the evidence of the Commonwealth to the appellant, as much an offense when manifested or committed on a private road in the presence of others and to the disturbance of the public peace, as if done or committed upon a public road, or in any other of the numerous places where it is forbidden that are named in the statute.

So while there was a contrariety of evidence as to whether the road in question is a public or a private road, there was none as to the fact that the offense with which the appellant was charged, if committed at all, was committed in or upon a road freely used by the public and in a public place thereon known as a mining camp where people are employed, congregate and reside, and drunkenness will be calculated to disturb the public peace. Therefore, the fact that the road was a private one afforded no ground for the giving of the peremptory instruction refused the appellant by the court.

Nor can it be claimed that the appellant was entitled to a directed verdict on the ground that there was an absence of evidence tending to prove that he was drunk. There was, as we have seen, a contrariety of evidence as to that issue, which of itself compelled the submission of the case to the jury; for it is a recognized rule in this jurisdiction that if there is any evidence conducing to prove the defendant's guilt the case must be submitted to the jury; and it was the province of the jury in this case to accept the testimony of the Commonwealth's witness, Blackburn, as to the guilt of the defendant, rather than to rely upon that of the appellant, and the very slight corroboration given it by the witness Ramsey, introduced to establish his innocence.

The further contention of the appellant that he was entitled to the directed verdict on the ground that there was a failure of evidence conducing to prove that the offense was committed within six months before the finding of the indictment, is without merit. It is true as claimed by counsel for appellant that the Commonwealth's witness, Blackburn, when asked the leading question whether he had seen the appellant drunk within twelve months before he went before the grand jury made the reply, "Yes, sir." But it appears from the bill of evidence that he was subsequently asked to give the date upon which he saw the appellant drunk and to

this question he gave the answer, "It was the day before I appeared before the grand jury;" and it will be found from an examination of the entire evidence that neither the appellant nor any witness introduced in his behalf denied or contradicted this statement of Blackburn; nor was there any attempt on the part of the appellant to show that the transaction relied on by the Commonwealth as constituting the offense in question, occurred at any other time than as fixed by the testimony of Blackburn. Manifestly, if it occurred on the day before he appeared before the grand jury and also the day before the indictment was returned as shown by the record, it was within six months before the finding of the indictment. So the evidence on this point must be accepted as conclusive, consequently no error was committed by the trial court in refusing to direct the appellant's acquittal by the jury on this ground.

It being our conclusion that the record furnishes no cause for disturbing the verdict of the jury, the judgment is affirmed.