## Smith v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Prosecution for Being Drunk on Public Road Barred After Six Months.—Prosecution for being drunk on public road is barred after six months.

2. Indictment and Information—Demurrer to Indictment Held Properly Overruled as Against Contention it Showed Prosecution was Barred.—Where indictment returned September 13, 1923, charged defendant with being drunk on public road on September 12, 1923, and within twelve months before finding of indictment, a demurrer was properly overruled, though prosecution for such offense is barred after six months.

3. Drunkards—Conviction Held Not Sustained by Evidence Not Showing Offense Within Six Months.—Conviction of being drunk on public road was not sustained by testimony of witness that he saw defendant drunk on a public road "within twelve months before the finding of the indictment," in view of fact that prosecution for such offense is barred after six months.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Reversing.

The appellant, William Boy Smith, prosecutes this appeal from a judgment of the Pike circuit court imposing upon him a fine of $100.00 and imprisonment in jail for thirty days as punishment for being drunk on a public road.

He contends that the judgment should be reversed because the trial court erred in not sustaining his demurrer to the indictment. The indictment charges the offense to have been committed on the 12th day of September, 1923, and within twelve months before the finding of the indictment. The point made for appellant is that a prosecution for this offense is barred after six months. That is correct, for we have held in Mullins v. Commonwealth, 203 Ky. 790, that a prosecution for being drunk on a public road must be begun within six months after the commission of the offense. However, the indictment charges specifically that this offense was

committed on the 12th day of September, 1923, and the record discloses that the indictment was returned on the 13th day of September, 1923. It, therefore, appears that the date alleged by the indictment as the one on which the offense was committed clearly fixed the time of the commission of the offense as being within six months before the finding of the indictment. Therefore, the demurrer to the indictment was properly overruled. See Mullins v. Commonwealth, *supra,* and the cases cited therein.

Appellant further contends that the court erred in not sustaining his motion for a peremptory instruction to find him not guilty at the close of the testimony. The testimony given upon the trial of this case was not taken in shorthand and it appears in narrative form in the bill of exceptions. As it there appears the only witness fixing the time of the commission of the offense is made to state that "in Pike county, Kentucky, and within twelve months before the finding of the indictment herein," he saw the defendant drunk, etc. There was no other testimony as to the date of the commission of the offense. In view of the fact that prosecutions for this offense are barred after six months, and, considering the fact that there is no evidence that appellant committed the offense charged within six months before the indictment was returned, as the record presents the matter to us, the appellant's motion for a peremptory should have been sustained at the close of the testimony.

For these reasons the judgment of the lower court is reversed and this cause remanded for further proceedings consistent herewith.