[Crim. No. 2736. In Bank.—April 11, 1925.]

In the Matter of the Application of A. BERTO for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — USE OF BEACH-SEINE — SECTION 636, PENAL CODE—SUFFICIENCY OF COMPLAINT.—In a prosecution for violating subdivision 6 of section 636 of the Penal Code a complaint charging that on a certain date in a certain county and in a certain fish and game district defendant used a beach-seine contrary to the statute is not open to the objection that it fails to state a public offense in that it omits to charge that the beach-net or seine was used in any waters of the state or that it was used for any particular purpose, as subdivision 7 of said section, which defines a beach-net, makes its identity depend upon the particular use made of it, to wit, catching fish in a certain manner in inhibited districts.

[2] ID.—COMPLAINT IN LANGUAGE OF STATUTE—WHEN SUFFICIENT.— A complaint charging a criminal offense which is in the language of the statute is sufficient except in those cases in which fraud forms an essential element in the crime.

---

(1) 26 C. J., p. 641, n. 9.   (2) 31 C. J., p. 709, n. 30.

2. Sufficiency of indictment or information in language of statute, note, 94 Am. Dec. 253. See, also, 14 R. C. L. 185; 14 Cal. Jur. 49.

PROCEEDING in Habeas Corpus to release petitioner from a charge of violating section 636 of the Penal Code. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

I. F. Chapman and F. A. Berry for Petitioner.

B. D. Marx Greene for Respondent.

SEAWELL, J.—The petitioner was charged by a complaint filed against him in the justice's court of the third township of the county of San Mateo, this state, on September 17, 1924, with the violation of subdivision 6 of section 636 of the Penal Code. In material allegations the complaint is as follows: "That on or about the 14th day of August, A. D. 1924, in the County of San Mateo, State of California, the crime of misdemeanor was committed by A. Berto, who did then and there use within said county and in Fish and Game District number 13, a certain beach-seine, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California. And this complainant, upon oath, accused the said A. Berto of having committed the said offense and prays that the said accused may be brought before a magistrate and dealt with according to law," etc. By section 636 of the Penal Code it is made a misdemeanor for any person to use or operate any net, trap, line, etc., for the purpose of taking fish in the state of California at any time, or in any manner, except as otherwise provided by part 1, title 15, chapter 1, of the Penal Code.

The subdivisions of section 636 of the Penal Code essential to an understanding of the case are as follows:

"Sec. 6. Beach-nets. It shall be lawful to use beach-nets (also known as beach-seines or haul-seines) in fish and game districts five, eight, nine, ten, eleven, eighteen, nineteen and twenty-two; provided that in fish and game district five the meshes of any such beach-nets shall measure not less than five and one-half inches in length and that in fish and game districts ten, eighteen and nineteen the meshes of the beach-nets shall measure not less than one and one-half inches in length;

and beach-nets shall only be used in fish and game district nineteen between the first day of September and the thirty-first day of January of the year following, both dates inclusive, and for the purpose of taking smelt only.

"Sec. 7. For the purpose of this act, any net hauled from the water to the beach or shore for the purpose of taking fish, shall be known as a beach-net."

Petitioner was tried and convicted in said justice's court upon said complaint and took an appeal to the superior court of the county of San Mateo. The judgment of conviction was affirmed and he makes application to this court for the issuance of the writ of *habeas corpus*.

[1] It is petitioner's contention that the complaint failed to state a public offense in that it omits to charge that the beach-net or seine was used in any waters of the state or that it was used for any particular purpose. It is argued that for aught that appears upon the face of the complaint the beach-net alleged to have been used may have been used for some purpose of ornamentation or for any one of the many purposes to which it may be made adaptable. There might be some force in this suggestion were it not for the fact that said subdivision 7, section 636 of the Penal Code, which defines a beach-net, makes its identity dependent upon the particular use made of it, to wit, catching fish in a certain manner in inhibited districts. The offense is purely statutory. A net becomes a beach-net only when it is being hauled from the water to the beach or shore for the purpose of catching fish. When not thus used a net is not a beach-net and it loses its character as such instantly upon a cessation of the use interdicted by statute. The cases cited by petitioner have to do with complaints or informations which failed in a substantive sense to state any offense. Those cases are not in point for the reason that there was no word or clause in the statute under which they were drawn which by the employment of definitive language rendered it unnecessary to set out descriptively the particular acts constituting the offense. The petitioner in *Ex parte Peterson*, 119 Cal. 578 [51 Pac. 859], was charged with having used a shotgun of a larger caliber than a No. 8 gauge. A shotgun of such a gauge could be used in many ways that would be harmless and it was not the intention of the legislature to prohibit the use of shotguns in such a manner as had no

connection with the evident purpose sought to be attained. The legislature only intended, the court there said, to prohibit the use of shotguns of No. 8 or larger caliber, in killing game or animals. While the complaint in that case followed the language of the statute, it did not sufficiently charge an offense, for the reason, as therein pointed out, the statute contained a qualification which it did not express. The use of a net is unlawful only when the use made of it offends against the inhibitions of the statute. [2] The complaint in the instant case is in the language of the statute. This is sufficient except in those cases in which fraud forms an essential element in the crime, such as obtaining property by false pretenses, forgery, etc. The defect pointed out in *Ex parte Peterson, supra,* does not exist in the statute before us. The complaint upon its face is a sufficient pleading. Petitioner could not have been misled as to the nature of the charge placed against him. Of course, upon trial it must be shown that the person charged with a violation of subdivision 6, section 636 of the Penal Code did use a net in the manner forbidden by law. No claim is made that the offense was not fully proved in the court below. An appeal having been taken to the superior court and the judgment affirmed by said court, we must presume that the evidence justified the judgment of conviction.

The writ is discharged and the petitioner remanded.

Richards, J., Shenk, J., Waste, J., Lawlor, J., Lennon, J., and Myers, C. J., concurred.