THE STATE v. VERNIE REIFSTECK, Appellant.—295 S. W. 741.

Division Two, June 3, 1927.

1. **INFORMATION: In Language of Statute.** An information charging defendant with driving a motor vehicle while in an intoxicated condition, which follows the statute in substance and form, is sufficient.

2. **VERDICT: Imprisonment in State Prison.** The use of the' words "at State prison" in a verdict by which the jury "find the defendant guilty as charged in the information, and assess his punishment at State prison for a term of three years," is irregular, but the words may be construed to mean the equivalent of "imprisonment in the State Penitentiary," and are not prejudicial, since their meaning may readily be understood.

3. **SUFFICIENT EVIDENCE: Intoxicated Driver: Passion and Prejudice.** Evidence that defendant obtained a half-gallon jug of wine, and took from it six drinks or more; that he bartered some of the wine for whisky and drank copiously of that; that he drove the automobile in a ditch, mistaking it for a pavement; that he became garrulous and engaged in drooling talk; that after the car was extricated from the ditch he drove it in a winding course, and the testimony of numerous witnesses, among them a physician, that he was drunk, is sufficient to support a charge that he operated a motor vehicle while in an intoxicated condition, and destroys an assignment that the jury in returning a verdict of guilty were moved by passion and prejudice.

4. **ASSIGNMENTS: Specific Detail.** Assignments that the court erred in failing to instruct upon the law pertaining to the case, and in admitting incompetent, irrelevant and immaterial testimony, do not comply with Section 4079, Laws 1925, page 198, which requires that assignments of error in a criminal case must be set out in the motion for a new trial specifically, with particularity and in detail.

5. **INSTRUCTION: Intoxicated Condition: Failure to Define.** The words "intoxicated condition" are of common every-day use, having a well-defined and a well-understood meaning, and the failure of the court to define them in an instruction to the jury, in the trial of a defendant charged with operating a motor vehicle while in an intoxicated condition, is not error.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2360, p. 966, n. 78; Section 2602, p. 1112, n. 92; 17 C. J., Section 3350, p. 89, n. 65; Section 3351, p. 90, n. 75; Section 3474, p. 181, n. 28; Section 3719, p. 356, n. 13. **Indictments and Informations,** 31 C. J., Section 260, p. 708, n. 29. **Motor Vehicles,** 42 C. J., Section 1306, p. 1333, n. 29; Section 1315, p. 1336, n. 76.

Appeal from Cole Circuit Court.—*Hon. Henry J. Westhues,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) The appellant makes no complaint against the information. It is in a form that has been approved by this court. State v. Pike, 278 S. W. 725. (2) There was substantial evidence offered by the State to the effect that the defendant was in an intoxicated condition and while in such condition was operating a motor vehicle. In the second place, such a general assignment is too indefinite to require consideration. State v. Concelia, 250 Mo. 424; State v. Field, 262 Mo. 164; State v. Renfro, 279 S. W. 704. (3) The fourth assignment in appellant's motion for a new trial is that "the court erred in admitting incompetent, irrelevant and immaterial testimony offered by the State through the witnesses West and Rollins." The answer to this is that in all the testimony of the witnesses, not one single objection was made by the defendant. (4) The fifth assignment of appellant's motion for new trial is that "the verdict of the jury showed upon its face that they were not moved by the evidence, but upon the contrary, were moved by such passion and prejudice as to raise the presumption that they were biased and prejudiced against the defendant at the outset of the trial." This is but another way of stating that the evidence was not sufficient. There is no ground for stating that the jury was ruled by passion and prejudice. The record showing that there was substantial evidence, this court will not interfere with the verdict of the jury. Moreover, this assignment comes under the condemnation of the law as being too indefinite. State v. McBrien, 265 Mo. 604. (5) The second assignment in appellant's motion for a new trial is that "the court failed to instruct the jury upon the law pertaining to the case." The court did instruct on all the law. If any other instruction was necessary, it was the duty of the defendant to call the court's attention to it. This assignment is too indefinite. It does not comply with the Act of 1925. It is not sufficient under the old Sec. 4079, R. S. 1919. State v. Stevens, 281 Mo. 648. (6) The third assignment in appellant's motion for new trial is that "the court erred in failing to define in its instructions to the jury the meaning of the words 'intoxicating condition,' in connection with the operation of a motor vehicle." The words used in the information and instructions are "intoxicated condition." The words are in every-day use and have a common and well-understood meaning. 4 Words & Phrases, p. 3734; State v. Walker, 232 Mo. 261; State v. Wiseman, 256 S. W. 741.

DAVIS, C.—The prosecuting attorney of Cole County on November 16, 1925, filed a verified information in the circuit court charging that defendant, on June 25, 1925, feloniously operated a motor ve-

hicle in said county while in an intoxicated condition. The jury returned a verdict of guilty, assessing three years' punishment. Defendant appealed from the sentence and judgment entered thereon.

The evidence on behalf of the State tends to show that on June 25, 1925, the defendant at a certain highway corner in Jefferson City, accosted two boys about seventeen years of age, whom he knew, offering to drive them to the Jefferson Theatre. On their way to their destination in his Ford touring car, defendant suggested to the boys that they accompany him to Loose Creek, several miles east of the city, to which they assented. Arriving at Loose Creek, defendant entered a certain house, emerging with a half-gallon jug of wine. Defendant gave of the wine to the boys to drink, the boys taking two or three and the defendant six or more drinks. Shortly thereafter defendant beheld a man along the road tippling whiskey from a bottle. Coveting his neighbor's possessions, defendant negotiated an exchange of commodities, bartering the wine for the whiskey, and did drink copiously thereof. His thirst being quenched, defendant began a tortuous course in the Ford homeward, mistaking a ditch for the pavement. The many travelers of the road proved to be Samaritans rather than Pharisees, for besides stopping, offering assistance and extricating his car from the ditch, they were present at the trial in large numbers, their testimony as to his happy and loquacious condition materially aiding in providing him with free lodging and board for a term of three years. The car was afterwards driven from the ditch by a boy scout, and defendant operated it in a serpentine trail along the road. A half dozen or more witnesses testified that he was drunk, among whom was a physician. The defendant admitted to the travelers that he was drunk. Other pertinent facts, if any, will later appear.

I. The information is grounded on Section 27, Laws 1921, First Extra Session, page 103, paragraph "G," as follows: "No person shall operate a motor vehicle while in an intoxicated condition, or when under the influence of drugs." We deem it unnecessary to set out the information *in haec verba*. It follows the statute in substance and form and has been approved in State v. Pike, 278 S. W. 725, to which we refer as a precedent.

**Information.**

II. We have examined the remaining portions of the record proper as required by statute and find no irregularity therein unless such complaint can be made of the verdict. It is as follows: "We, the jury, find the defendant guilty as charged in the information, and assess his punishment at State prison for a term of three years." Reviewing it, we find no room for doubt that by their verdict the jury found defendant guilty of operating a motor

**Verdict.**

vehicle while in an intoxicated condition. Thus far the verdict is clear and certain. Nor is there any doubt that the jury assessed his punishment for a term of three years. This portion is also clear and certain. This leaves the words "at State prison" only subject to interpretation, but we think it is evident that the words may be construed to mean the equivalent of "at imprisonment in the State Penitentiary." While the verdict is irregular, it is not prejudicial error and its meaning may readily be understood.

III. The case is not briefed by defendant. Thus the motion for a new trial constitutes the assignment of errors. The first assignment complains that the verdict is contrary to the evidence. The fifth charges the jury was moved by passion and prejudice. We treat these assignments as equivalent and as bringing up **Sufficient** for review the question of substantive evidence sufficient **Evidence.** to make it a submissible case. That substantive evidence of defendant's guilt obtained, obliging the court *nisi* to submit the case to the jury, is clear. The evidence of the drinking of both wine and whiskey, the mixing of the potables, the garrulousness and the drooling of defendant, the driving of the car into the ditch and later in a winding course, together with the evidence of witnesses as to his drunken condition justified the jury in finding defendant guilty of driving a motor vehicle while in an intoxicated condition. No error appears in this regard.

IV. The second assignment avers that the court erred in failing to instruct the jury upon the law pertaining to the case. The fourth charges the trial court erred in admitting incompetent, irrelevant and **Assignments.** immaterial testimony offered by the State through the witnesses West and Rollins. Irrespective of whether or not these assignments were ever sufficient, it is plain that, in accordance with the ruling in State v. Standifer, 289 S. W. 856, the assignments of error must be set out in the motion for a new trial specifically, with particularity and in detail, in compliance with the injunctions of Section 4079, Laws 1925, page 198. [State v. Vesper, 289 S. W. 862; State v. Murrell, 289 S. W. 859.]

V. The third assignment holds the court erred in failing to define in its instructions to the jury the meaning of the words "intoxicating condition," in connection with the operation of a motor vehicle. The actual words used in the instruction were "intoxicated condition." The use of the word "intoxicating" in the assignment for "intoxicated" in the instruction we charge to a clerical error and cast aside, as unworthy of discussion, the question of error in the inadvertent substitution of words. However, the words "intoxicated

condition'' are of common, every-day use, having a well-defined and well-understood meaning. Every one knows that the words refer to the impaired condition of thought and action and the loss of the normal control of one's faculties, caused by imbibing vinous, malt or spirituous liquors. The words are not technical, but are in common use and well understood by the laity. The failure of the trial court to define them in a given instruction was not error. [State v. Walker, 232 Mo. 252; State v. Wiseman, 256 S. W. 740.]

Finding no prejudicial error, the judgment is affirmed. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by Davis, C., is adopted as the opinion of the court. All of the judges concur.