STATE v. MUNGER
(No. 1702; Nov. 24, 1931; 4 Pac. (2d) 1094)

For the appellant there was a brief and oral argument
by *J. M. Roushar,* of Torrington, Wyoming.

For the respondent there was a brief by *James A. Greenwood,* Attorney General, *Richard J. Jackson,* Deputy Attorney General, and *Phillip S. Garbutt,* Assistant Attorney General, and oral argument by *Mr. Garbutt.*

KIMBALL, Chief Justice.

The defendant appeals from the sentence on a verdict finding him guilty of possessing whiskey contained in a pint bottle found and seized by the sheriff in a search of defendant's automobile.

Before the trial, defendant filed a petition alleging that the search of his automobile and the seizure of the whiskey were unlawful, and asking that all evidence obtained thereby be suppressed. The petition was denied, and the evidence was used by the state on the trial. The denial of the petition is assigned as error.

On August 15, 1930, there was a large crowd present at a celebration at old Ft. Laramie in Goshen County. Among those in attendance were a number of Indians from a reservation in a neighboring state. The sheriff testified that some of the Indians "were getting a lot of liquor," and that one, named Joe Hand, was drunk when the sheriff saw him talking with defendant just outside the dance hall at 10 o'clock at night. Hand and defendant left the dance hall and, followed by the sheriff, went some 100 rods to defendant's automobile which was parked among many

other cars. Hand and the defendant entered the car and sat down, closing the door after them. The sheriff remained near the car for some time, and then opened the car door and for about twenty minutes talked with Hand and defendant. The sheriff did not remember the conversation, but he evidently was confirmed in the opinion that Hand was drunk. Hand was arrested for drunkenness, and taken from the car. Then the sheriff, by aid of a flashlight, discovered the bottle containing whiskey which, according to his testimony, was on the seat between defendant and the place where Hand had been sitting. Defendant testified that the bottle was either in Hand's lap or between his legs, and as he was taken from the car, the bottle fell to the running board. When the liquor was found and seized, Hand claimed it as his, saying defendant had nothing to do with it. At the trial, however, Hand testified that the whiskey belonged to defendant. The defendant was not arrested on the night of the 15th, but was told to appear at the county seat the next day. The next day he was arrested on a warrant issued on a complaint charging him with unlawful possession of the seized liquor.

The state, of course, conceded that the liquor was seized without a warrant either for arrest or for search and seizure. Generally speaking, no search, or search and seizure, is reasonable or lawful, unless made under a search warrant in due conformity with the constitution and other laws. State v. George, 32 Wyo. 223, 239, 231 Pac. 683, 687. There are cases holding that an automobile may be lawfully searched, and contraband liquor seized, without a warrant, if the securing of a warrant was not reasonably practicable, and the officer had reasonable or probable cause for believing the automobile contained liquor illegally transported or possessed. Carroll v. United States, 267 U. S. 132, 69 L. Ed. 543, 45 Sup. Ct. Rep. 280, 39 A. L. R. 790; State v. Kelly, 38 Wyo. 455, 268 Pac. 571. When it appears that the search and seizure was without a warrant, the state or officer seeking to justify the search, must as-

sume the burden of proving facts showing probable cause. In the language of the opinion in Carroll v. United States, supra (p. 156 of 267 U. S., 45 S. Ct. 280, 286), "the seizing officer acts unlawfully and at his peril unless he can show the court probable cause."

In the case at bar, the state made no effort to justify the search on the principle above mentioned. It was not contended, and there was no evidence to show, that the sheriff, before he arrested Hand and found the liquor, had cause for believing, or did believe, that liquor was unlawfully possessed in defendant's car. The sheriff did not enter the car for the purpose of searching it, but for the purpose of arresting Hand for drunkenness.

It is not contended that the sheriff acted on information that gave him the right to enter and search defendant's car, but it is contended that he had the right to arrest Hand and to seize liquor discovered either in making the arrest or in a search incidental to the arrest.

No search warrant is necessary when the search and seizure is incidental to a lawful arrest. Wiggins v. State, 28 Wyo. 480, 206 Pac. 373. And we shall assume that the seizure of the liquor in the case at bar was incidental to the arrest of Hand. But it must be conceded, as it apparently is, that if the arrest was unlawful, the seizure was unlawful also. State v. George, supra, at p. 245 of 32 Wyo., 231 Pac. 683; Batts v. State, 194 Ind. 609, 144 N. E. 23; Iupe v. State, 140 Miss. 279, 105 So. 520; Matthews v. State, (Okla. Cr. App.) 282 Pac. 180. The question, then, is whether the arrest of Hand was lawful.

We have held that intoxicating liquor may be seized as an incident of a lawful arrest without a warrant. State v. Young, 40 Wyo. 508, 281 Pac. 17. In such cases when the absence of a warrant is shown, or conceded, the state seeking to uphold the arrest and seizure, should be required to prove the facts that justified the arrest without a warrant. 5 C. J. 396, 408; cases cited in opinion of Judge Lewis in

Nelson v. United States, (C. C. A.) 18 F. (2d) 522 at page 528; Cooley on Torts (3d ed.) p. 304.

The evidence showed that Hand was arrested for drunkenness, which, in itself, is not a crime either at common law or by any statute of this state. See: Commonwealth v. O'Connor, (Mass.) 7 Allen. 583; State v. Hunter, 106 N. C. 796, 11 S. E. 366, 8 L. R. A. 529. And the evidence cannot be stretched to show that Hand's drunkenness caused him to do anything for which he could be lawfully arrested. It was simply shown that he was drunk; that he admitted he had "had too much," and that the other Indians would not let him dance with them. There was nothing further to show how drunk he was. He evidently could walk and talk, and there was no claim that he used improper language or did any act to molest or disturb others.

It seems to be contended now, for the first time, that Hand was not arrested for drunkenness, but for the purpose of "preserving the peace." Our attention is called to Section 1474, C. S. 1920, making it the duty of sheriffs "to keep and preserve peace," and to many cases holding that an officer without a warrant may arrest to prevent a threatened breach of the peace. The cited statute and cases have no application to the facts in the case at bar. None of the cases could be authority for holding that a breach of the peace is threatened by mere drunkenness. The record contains no evidence to show a threatened breach of the peace, and the sheriff did not claim to have made the arrest on that ground.

It follows that the seizure of the liquor was unlawful, and the evidence should have been suppressed. State v. Peterson, 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284.

Other assignments of error need not be discussed. They refer to rulings which, in our opinion, resulted in no prejudice to the defendant.

For the error in the ruling on the petition to suppress evidence, the judgment will be reversed and the case re-

manded for further proceedings consistent with this opinion.

*Reversed and remanded.*

BLUME and RINER, JJ., concur.