### M. A. SCOTT v. THE STATE.

No. 18254. Delivered May 6, 1936.
Rehearing Denied June 17, 1936.

636

The opinion states the case.

*W. F. Schenck,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of driving an automobile on the streets of the town of Lubbock while intoxicated, and his punishment was assessed at confinement in the state penitentiary for a term of eleven months.

The appellant's first and main contention is that the evidence is insufficient to warrant and sustain his conviction. In order to determine this question we need only to consider the testimony adduced by the State. If it is sufficient to justify the jury's finding, then the requirement of the law has been met. The testimony offered by the State shows that on the day of the alleged offense appellant was driving an automobile on the streets of the town of Lubbock, Texas; that he collided with an automobile parked parallel with the street and in such a manner that the right-hand wheels thereof were between the curb and sidewalk and the other two wheels were in the street. As soon as the appellant hit the parked car he backed up and hurriedly left. He was overtaken, arrested, and locked up. At the time of his arrest his breath carried the odor of whisky and a pint bottle with a small amount of whisky in it was found in his car. Another pint bottle, which had contained whisky, was found in the street along which appellant drove when he was fleeing from the scene of the collision. It was

also shown that some whisky had been spilled in his car. The officers testified that appellant was drunk; that he did not walk steady; that his tongue was thick. A complaint was made charging him with being drunk and he pleaded guilty thereto. We do not deem it necessary to enter upon an extended discussion of the sufficiency of the testimony because it is obvious that if the jury believed the State's testimony, it supports their verdict.

Appellant next complains that the court erred in declining to define the terms "while intoxicated" and "while under the influence of intoxicating liquor." These terms are not such technical terms as need to be defined or explained. They have an ordinary meaning which is commonly understood.

Appellant also complains because the court failed to charge on temporary insanity contending that the issue was raised by the testimony. The court did instruct the jury: ". . . that only a person of sound memory and discretion can be held punishable for a crime, and that no act done in a state of insanity can be held punishable as an offense. . . . it must be clearly proven that at the time of committing the act, the party accused was laboring under such defect of reason from disease of mind, as not to know the nature or quality of the act he was doing; or if he did know, that he did not know he was doing wrong, that is, that he did not know the difference between the right and wrong as to the particular act charged against him. The insanity must have existed at the very time of the commission of the offense," etc. It occurs to us that the foregoing quoted instruction confined the jury in their consideration of appellant's mental condition to the very time of the commission of the offense. If the appellant was insane, whether temporary or permanent, to the extent that he did not know the difference between the right and the wrong as to the particular act charged against him, he was entitled to an acquittal under the court's instruction. There is no testimony which would authorize a charge on temporary insanity disassociated or disconnected with the general charge on insanity. We think that the court's charge was adequate and fully protected the appellant's rights.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we are mistaken in concluding that appellant was intoxicated at the time of the collision which directed attention to appellant. A further consideration of the evidence does not lead us to believe we were in error. The evidence does not affirmatively show that any witness testified that appellant's "breath carried the odor of whisky" at the time of his arrest, and the statement to such effect in our original opinion is withdrawn. The car which appellant was alleged to have been driving bore the odor of whisky, some having been spilled in the car. The car is shown to have been driven by appellant, and when referred to as "his" car we had reference to that fact.

We are confirmed in our opinion that the jury was justified in finding that appellant was intoxicated.

The motion for rehearing is overruled.

*Overruled.*