[Crim. No. 462.   Fourth Appellate District.—October 2, 1940.]

In the Matter of the Application of MICHAEL M. BOZA for a Writ of Habeas Corpus.

W. E. Kalbfleisch for Petitioner.

Eugene Best, City Attorney, for Respondent.

GRIFFIN, J.—On March 1, 1940, a complaint was filed against Michael M. Boza, petitioner herein, in the police court of the city of Riverside, charging him with a violation of section 2 of ordinance No. 415 (new series) of said city. After due proceedings had, and on March 21, 1940, the petitioner was found guilty by a jury. On April 22, 1940, an order and judgment of the police court was duly made to

the effect that the petitioner be fined the sum of $50 or serve one day in jail for each $2 of the fine unpaid.

Thereafter an appeal was taken to the superior court. On July 1, 1940, the judgment of the police court was affirmed. The petitioner refused to pay any portion of the fine and on July 17, 1940, surrendered himself into custody.

Petitioner now contends that the imprisonment is illegal and that the illegality thereof consists in this: (1) that the complaint charges that the petitioner "did wilfully and unlawfully commit the crime of being intoxicated in a public place or a place open to public view in the City of Riverside contrary to the provisions of Section 2 of Ordinance No. 415 (N. S.) of the City of Riverside . . . "; that the ordinance above mentioned provides in part: "An ordinance of the City of Riverside making certain things and acts unlawful and for the protection of public morals . . . Section 2. It shall be unlawful within the City of Riverside for any person to be intoxicated in any public place, or in any place open to public view, and any person so found intoxicated in such place shall be arrested by the proper officers, and the Chief of Police and all policemen of said city are hereby empowered to enter such places and take therefrom any person so intoxicated. . . . Section 50. Any violation of any of the provisions of this ordinance shall constitute a misdemeanor and every person found guilty . . . shall, upon conviction thereof, be fined in the sum of not more than Three Hundred Dollars ($300.00) or by imprisonment in the City Jail of said City for not more than three months, or be punished by both such fine and imprisonment"; (2) that said complaint fails to state a public offense against defendant under the laws of California and in particular under and as required by the provisions of section 1426 of the Penal Code; (3) that section 2 of the ordinance is unconstitutional and void for the following reasons: (a) that at no place in the ordinance is there any definition of the "public morals" that are or were to be protected; (b) that at no place in the ordinance is "a public place, or place open to public view" defined so as to know when a person can definitely and positively be adjudged within the provisions thereof; (c) that there is no definition of the words "intoxication" or "intoxicated" or "that the 'intoxicated' condition was caused by over-consumption of alcoholic liquors, and that such 'intoxicated' condition so

affected the actions of the accused person by his mode of walk or gait, his speech or the things he said as to be noticeable to any person and 'shock' the 'public morals' of any person of said city, and thereby come within the police powers of said City of Riverside to regulate the drinking of alcoholic liquors''; (4) that said section 2 of the ordinance is so indefinite, vague and uncertain as to fail to define any crime that was within the jurisdiction of the city of Riverside to regulate at the time of petitioner's arrest, because the ordinance was enacted in the year 1925, at which time it was unlawful to sell intoxicating liquors, and by a parity of reasoning, to drink the same unless under doctor's orders, under the laws of the United States then regulating the same; that since said time the provisions of the federal Constitution prohibiting the sale of intoxicating liquors have been repealed and it is not now illegal to sell intoxicating liquors; that by the same parity of reasoning it is not unlawful to drink the same, and accordingly the drinking of intoxicating liquors can only be regulated under the police powers of the city of Riverside when properly exercised in accordance with the laws of California.

The facts reflected in the statement on appeal are that on February 27, 1940, at 12:30 a. m., the petitioner Michael M. Boza was in an automobile which had run off the road and into a ditch near the corner of Cleveland and Van Buren streets in Riverside. The defendant was asleep in the front seat of the car under the steering wheel when the officers arrived. The defendant was ordered out of the car and was unable to stand up very well (apparently due to intoxication).

Petitioner argues that the arrest and detention were unlawful because petitioner was merely asleep at the time the officers arrived and he was not drinking alcoholic liquors in their presence; that it was not on the complaint of any person that the police officers went to the place where petitioner was arrested and that merely by being asleep in his own car he was not committing any crime or violating said ordinance. (*People* v. *Beifuss,* 22 Cal. App. (2d) (Supp.) 755 [67 Pac. (2d) 411]; *People* v. *Ekstromer,* 71 Cal. App. 239 [235 Pac. 69]; *Tracy* v. *Brecht,* 3 Cal. App. (2d) 105 [39 Pac. (2d) 498]; *In re Hernandez,* 64 Cal. App. 71 [220 Pac. 423]; *In re Peppers,* 189 Cal. 682, 686 [209 Pac. 896].)

It is quite apparent that the issues of fact were decided against petitioner by the jury and sustained by the reviewing court. They cannot be considered again in this application for a writ of *habeas corpus* (*In re Williams,* 183 Cal. 11, 14 [190 Pac. 163]), where there is substantial evidence supporting the verdict.

The contention that the complaint does not state facts sufficient to constitute a public offense within the jurisdiction of the police court, in that the particular place in the city where petitioner was claimed to be intoxicated is not definitely described nor was it stated whether it was a public place or place open to the public, is untenable. By the allegations the petitioner was sufficiently informed of the nature of the charge, that is, "being intoxicated in a public place or a place open to public view in the City of Riverside". (*In re Stambaugh,* 117 Cal. App. 659, 662 [4 Pac. (2d) 270]; *In re Hayward,* 62 Cal. App. 177 [216 Pac. 414]; *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; sec. 952, Pen. Code; *People* v. *Mitchell,* 40 Cal. App. (2d) 204 [104 Pac. (2d) 545]; *In re Maldonado,* 97 Cal. App. 288 [275 Pac. 495]; *In re Berto,* 195 Cal. 774 [235 Pac. 735].)

The failure to allege the precise address of the public place or place open to public view is not open to criticism in a *habeas corpus* proceeding. Evidence was admissible under such an allegation to establish such facts as were essential. It was not mandatory or essential to charge the degree of intoxication, as such word has a common and well-understood meaning. (*People* v. *Ekstromer, supra; Tracy* v. *Brecht, supra; Nelson* v. *State,* 97 Tex. Cr. Rep. 210 [261 S. W. 1046]; *Scott* v. *State,* 130 Tex. Cr. Rep. 635 [95 S. W. (2d) 396]; *State* v. *Reifsteck,* 317 Mo. 268 [295 S. W. 741]; Words and Phrases, [5th ser.] vol. 3, p. 658 et seq.; *People* v. *Beifuss, supra.*)

The remaining question is whether the ordinance is unconstitutional and void for the reason that it is claimed the ordinance forbids all drinking of intoxicating liquor in the city of Riverside for the claimed reason that "a person is intoxicated after one drink of intoxicating liquor" according to petitioner's interpretation of *Tracy* v. *Brecht, supra.* In this respect it is claimed that since the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended, Act 3796, Deering's Gen. Laws 1937) specifically allows a licensed "on

sale place'' to sell liquor to its patrons, that therefore in effect the ordinance is repugnant to the state law which specifically provides for and allows the sale of intoxicating liquor to its customers. It is further argued that being intoxicated in a public place without any boisterousness, violent or profane language, is not a matter subject to regulation by city ordinance and not a public offense, citing *Ramey* v. *State*, 40 Ga. App. 658 [151 S. E. 55]; *Lewis* v. *Commonwealth*, 197 Ky. 449, 450 [247 S. W. 749]; *Smith* v. *Commonwealth*, 204 Ky. 448 [264 S. W. 1047]; *State* v. *Munger*, 43 Wyo. 404 [4 Pac. (2d) 1094, 1095]; *In re Dees*, 46 Cal. App. 656, 660 [189 Pac. 1050]; *Griffin* v. *Smith*, 184 Ga. 871 [193 S. E. 777]; *In re Harder*, 9 Cal. App. (2d) 153 [49 Pac. (2d) 304]; *In re Peppers*, 189 Cal. 682 [209 Pac. 896]; *People* v. *Beifuss*, *supra*.

There can be no question but that the subject matter of the ordinance falls within the police power of the city of Riverside (Const. of Calif., art. XI, sec. 11; *Ex parte Dexel*, 147 Cal. 763, 765 [82 Pac. 429, 3 Ann. Cas. 878, 2 L. R. A. (N. S.) 588]; 5 Cal. Jur., p. 687, sec. 100).

The measures needful or appropriate to be taken in the exercise of police power are determined by legislative policy, within constitutional limitations, and for this purpose a wide discretion is committed to the law-making body. Whether it shall entirely prohibit or only regulate by confining such infractions within prescribed limits must be determined primarily by the legislative department of the state, or by the municipality authorized to exercise this great power which may be conferred for the purpose of securing the public safety, morals and welfare, and unless it clearly appears that a statute or ordinance ostensibly enacted for this purpose has no real or substantial relation to these objects, and that the fundamental rights of the citizen are assailed under the guise of a police regulation, the action of that department is conclusive. (*Ex parte Tuttle*, 91 Cal. 589 [27 Pac. 933].)

The ordinance does not attempt to forbid the drinking of intoxicating liquor in public places but does provide a punishment for those who become intoxicated within the meaning of that term, in ''a public place or a place open to public view''. We see little merit to petitioner's argument

in this respect. The constitutionality of the ordinance is not subject to attack upon the grounds stated.

To us the other points presented do not appear to merit further consideration.

Writ discharged; petitioner remanded.

Barnard, P. J., and Marks, J., concurred.