**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry Earsel JOHNSON, Defendant-Appellant.**

**No. 43078.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 8, 1981.

Bollow, Wallace & McConnell, James McConnell, Shelbina, for defendant-appellant.

James N. Foley, Pros. Atty., Macon, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant, Larry Earsel Johnson, was convicted of driving while intoxicated. The facts are not in dispute. Appellant was arrested on the evening of July 5, 1979 for violating Mo.Rev.Stat. § 577.010 (1978), which prohibits operating a motor vehicle in an intoxicated or drugged condition.

■ Appellant's first contention alleges that the court erred in failing to instruct on the full range of punishment in its verdict directing instruction which was patterned after MAI–CR 2d 31.02. We agree. The submitted instruction read as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on July 5, 1979, on U.S. Highway 63 approximately ½ mile south at Route M, County of Macon, State of Missouri, the defendant operated a motor vehicle, and

Second, that he did so while intoxicated to such an extent that his ability to operate a motor vehicle was impaired in any manner, then you will find the defendant guilty, of driving while intoxicated.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of driving while intoxicated, you will assess and declare the punishment at imprisonment for a term fixed by you, but not to exceed one year.

The same issue raised by the appellant was recently addressed by our Supreme Court in *State v. Blake*, 620 S.W.2d 359 (Mo. banc 1981). In that case the appellant was found guilty of driving while intoxicated and the trial court submitted the verdict directing instruction advising the jury only to "... assess and declare the punishment at imprisonment for a term fixed by you ...."

No option was given to the jury on the imposition of a fine. After looking to the Committee on Pattern Criminal Charges and Instructions, and finding it silent, the Supreme Court reversed the lower court's judgment on another point but suggested the use on retrial of the following modification to MAI–CR 2d 31.02:

> If you find the defendant guilty . . . of driving while intoxicated, you will assess and declare the punishment for a term fixed by you . . . or you may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare.

The Committee has not acted on the court's suggestion as of this date and we therefore adopt the reasoning and suggestions in *Blake*.

The appellant's second contention is that the trial court deviated from MAI–CR 2d instruction No. 31.02, by defining the word "intoxicated" in paragraph second and thereby confusing the jury. We agree. It is well settled in Missouri that the trial court does not have to instruct the jury on the definition of "intoxicated". *State v. Long*, 504 S.W.2d 323 (Mo.App.1973); *State v. Cox*, 478 S.W.2d 339 (Mo.1972); *State v. Reifsteck*, 317 Mo. 268, 295 S.W. 741 (1927). It is a word with a well-defined and well understood meaning. It does not require clarification in order for a juror to comprehend its meaning. The language that was added in the verdict directing instruction—"to such an extent that his ability to operate a motor vehicle was impaired in any manner"—is, a deviation from the pattern instruction as it relates to the charge of driving while intoxicated, and therefore, upon retrial such language should not be used after the phrase "that he did so while intoxicated" in the approved instruction.

Appellant's third contention alleges that improper remarks were made by the prosecutor at trial, and as a result he was prejudiced and denied a fair trial. This contention need not be addressed as we would not expect that sort of conduct to be repeated upon re-trial.

For the reasons stated herein, appellant's conviction is reversed, and the case remanded to be tried consistent with this opinion.

SMITH, P. J., and SATZ, J., concur.